(No. 35881.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RANDOLPH GRAY, Plaintiff in Error.

*Opinion filed March 23, 1962.*

GILBERT DRUCKER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys

General, and JOHN T. GALLAGHER and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Randolph Gray was indicted for robbery and his trial by a jury in the criminal court of Cook County resulted in a verdict of guilty. The court sentenced the defendant to the penitentiary for a period of 5 to 15 years. The defendant's motions in arrest of judgment and for a new trial were denied. The defendant brings this writ of error to review the judgment of the trial court.

The theory of the defendant is that the State has failed to prove beyond a reasonable doubt that the defendant was the person who perpetrated the robbery. The argument of the defendant is based upon the insufficiency of the identification of the eyewitnesses. A determination of this question requires a careful examination of the testimony.

Mrs. Gladys Parks testified that she was employed on February 20, 1959, as the manager of Admiral Cleaners. At approximately 6:30 in the evening a man walked into the store with his right hand in his pocket and handed her a note with his left hand as she was standing at the cash register. The note said, "This is a hold-up." She then opened the cash register and handed him $52. He took the note back and walked out. He was in the store about two or three minutes. She subsequently called the police and gave them a description. Thereafter, on March 10, 1959, she went to a police lineup, where she identified the defendant out of five men in the lineup. She further identified the gray hat and coat admittedly owned by defendant as identical to those worn at the time of the robbery. She described the man to police as a tall, thin man with hollow cheeks and a very expressionless look about his face. She told police he had a peculiar look about him.

Miss Solita Gay testified that she was a part-time employee of the Admiral cleaning store in Chicago on February 20, 1959. She started work at 4:00 P.M. At approximately 6:30 P.M. a man walked in and stood next to the cash register and handed the manager a note. As the man stood there she saw Mrs. Parks read the paper and open the cash register and hand the man the bills. When the police came she described him as having very big eyes and a "scary" look. She did not attend the police lineup and had not seen the man until he walked into the court room. Nevertheless, she positively identified him, as well as identifying the hat and coat owned by the defendant as the hat and coat he wore at the time of the robbery.

One Frank Knight testified for the defense that he had known defendant for 15 or 16 years and that defendant was his only close friend. He had been unemployed for more than three months and lived 3 or 4 miles from defendant. On February 20, 1959, Knight testified, defendant came to his house about 4:00 P.M. and stayed there and read while Knight played the piano. They were together and did not leave the house until 8:00 P.M. when they both left to go to the police station at Knight's suggestion to report defendant's missing wallet. Thereafter, they went to a pool room. Defendant also testified that he was with Frank Knight at his home between 4:00 and 8:00 P.M. on the date of the robbery.

Defendant argues that the identification of Mrs. Parks and Miss Gay is insufficient to prove the perpetration of the robbery by defendant and that their identification was induced by the police who became convinced of defendant's guilt because he had a gray coat and hat and had been previously convicted of robbery of a cleaning establishment.

We agree with defendant that the burden rests upon the People to establish beyond a reasonable doubt that the crime charged was committed by defendant (*People* v. *Perkins*, 17 Ill.2d 493; *People* v. *Davis*, 14 Ill.2d 196). However,

we do not believe that the State's evidence is insufficient in this regard.

We have carefully examined the record and find that both Mrs. Parks and Miss Gay had ample opportunity to observe the defendant at close range in a well-lighted store. Mrs. Parks further picked defendant out of a lineup, a type of identification consistently approved by this court. (*People* v. *Brown,* 16 Ill.2d 482, 485.) The failure to bring Miss Gay, a high school student and part-time employee, to the lineup is not fatal to the People's case. The testimony of one witness as to identification, if positive, and if the witness is credible, is sufficient to convict even though contradicted by the accused. (*People* v. *Burts,* 13 Ill.2d 36; *People* v. *Williams,* 12 Ill.2d 80.) Even if Miss Gay had failed to identify the defendant, this record would not require a reversal. (*People* v. *Perkins,* 17 Ill.2d 493, *People* v. *Crenshaw,* 15 Ill.2d 458.) In the present case we find the identification of both eyewitnesses positive, credible and persisted in after extensive cross-examination. We find that the testimony of the eyewitnesses on cross-examination was thoroughly consistent with a positive identification.

The defense of alibi presented by defendant and his very close friend of many years standing created a conflict in the testimony. The jury has resolved this conflict in favor of the People. Due regard must be given to their opportunity to observe the witnesses. It was for the jury to hear the testimony and determine the credibility of the several witnesses. (*People* v. *Horodecki,* 15 Ill.2d 130, 135.) We cannot say from the record before us that the evidence was insufficient to justify their determination that the defendant was guilty of robbery beyond a reasonable doubt.

The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*