THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL TOMER, Defendant-Appellant.

(No. 11806;

Fourth District—November 21, 1973.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

L. Stanton Dotson, State's Attorney, of Charleston, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from his conviction upon jury verdicts of burglary,[1] and unlawful use of weapons in that he knowingly possessed a shotgun with a barrel less than 18 inches in length.[2] The latter count also charged that defendant was on parole after conviction of a felony. Sentence of 10 to 20 years was imposed.

■■ The judgment order and the proceedings at the sentence hearing disclosed that the sentence was imposed for burglary only. The sentence is the final judgment in a criminal case. (*People ex rel. Filkin v. Flessner,* 48 Ill.2d 54, 268 N.E.2d 376; *People v. Nordstrom,* 73 Ill.App.2d 168, 219 N.E.2d 151; *People v. Becker,* 414 Ill. 291, 111 N.E.2d 491.) There is thus no final judgment which sustains an appeal of the verdict finding guilt in the unlawful possession of the shotgun and that portion of the appeal is dismissed.

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 19—1.

[2] Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(7).

Incident to the prosecution of the charge of knowing possession of a shotgun with a barrel less than eighteen inches in length, the State's Attorney introduced evidence of defendant's prior conviction of a felony. It is argued that such evidence was so prejudicial as to deny a fair trial to defendant.

■■ As to such proposition we note that defendant did not move for a severance of the counts for purposes of trial. (Ill. Rev. Stat. 1969, ch. 38, par. 114—8.) The issue of the prejudicial effect of such evidence is not, in fact, preserved in the post-trial motion which contains only peripheral reference to such evidence as relating to asserted error on *voir dire*. That issue is not pursued on appeal.

Defendant testified in his own behalf to deny his knowledge of, or participation in, the burglary. Absent such testimony, there would be no evidence which contradicted the prosecution's specific evidence of defendant's conduct. Defendant's testimony concerning his association with the accomplice, Crum, included testimony that he was on parole at the time of the burglary and that for such reason sought to avoid Crum. By reason of the fact that defendant did testify, the record of defendant's prior conviction was admissible within the several limitations stated in *People v. Montgomery,* 47 Ill.2d 510, 268 N.E.2d 695.

■■ Defendant argues that the evidence shows that he was not present to participate in the acts of burglary and that there was a failure to prove beyond a reasonable doubt that he was guilty within the terms of the statute defining accountability. (Ill. Rev. Stat. 1969, ch. 38, par. 5—2(c).) As summarized in *People v. Ramirez,* 93 Ill.App.2d 404, 236 N.E.2d 284, to establish accountability there must be proof of three propositions: (1) that defendant solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense; (2) that this participation on his part must have taken place either before or during the commission of the offense; and (3) that it must have been with the concurrent, specific intent to promote or facilitate the commission of the offense. "Solicit" or "solicitation" means to command, authorize, urge, incite, request or advise another to commit the offense. Ill. Rev. Stat. 1969, ch. 38, par. 2—20.

Crum, who committed the burglary, testified to the fact of a conversation at defendant's home in which defendant stated that he wished he could obtain some guns to sell. Upon Crum's statement that he knew of some guns, defendant said get them and we will sell them. The testimony is not completely certain as to whether Crum named the house to be burgled. Crum thereafter obtained the guns in a burglary and further testified that defendant told him to bring the guns and hide them in his garage, but not to permit anyone to see them. He testified that the guns

were taken to the garage and that defendant helped to some extent in sawing down one of the shotguns, and that the weapons were thereafter hidden in the garage. Upon the execution of a search warrant, the guns were found there.

Defendant testified denying the fact of any conversation about guns with Crum, denying telling Crum that he would sell the guns, and denying having seen the weapons in the garage. Defendant testified that he lived in the home of his parents, together with one brother.

Crum had pleaded guilty to the theft of the weapons and had been sentenced to one year in jail. At the time of trial, he was returned from the penitentiary to testify. The latter incarceration apparently was imposed for some conduct while in jail. There was some testimony on direct and on cross-examination concerning defendant's efforts to bribe or intimidate Crum in his testimony.

The jury observed both defendant and Crum as they testified. The credibility of the witnesses and the weight to be given to the contradictory testimony is a matter for the trier of fact. (*People v. Nicholls*, 42 Ill.2d 91, 245 N.E.2d 771.) If the testimony of an accomplice is of such quality as to convince the jury of guilt beyond a reasonable doubt, it will support conviction. (*People v. George*, 49 Ill.2d 372, 274 N.E.2d 26.) The fact that the guns were found hidden in the garage for which defendant, at least on some occasions carried a key, tends to corroborate the testimony of Crum. *People v. Mitchell*, 368 Ill. 399, 14 N.E.2d 216.

The jury was instructed that the testimony of Crum as an accomplice witness was:

> "[S]ubject to suspicion, and should be considered by you with caution. It should be carefully examined in the light of the other evidence in the case."

The plea by Crum and his sentence for theft was broadly developed both on direct and cross-examination. Sentence had been imposed and he had no expectation of immunity or further leniency. The jury was advised of such facts and could consider any bias or hope of gain which Crum might seek by his testimony. (*People v. Mullins*, 28 Ill.2d 412, 192 N.E.2d 840.) Tested by the relevant standards, the evidence sustains the verdict of the jury.

In *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, it was determined that cases pending on direct appeal on January 1, 1973, had not reached the stage of final adjudication and that defendant was entitled to the sentence terms of the Unified Code of Corrections effective on that date. Burglary is a Class 2 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1.) In a Class 2 felony the maximum term shall be any term in excess of one year not exceeding 20 years, but the minimum shall not be

greater than one-third of the maximum. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(3) and par. 1005—8—1(c)(3).

██ Upon the maximum sentence of 20 years imposed here, the statutory minimum sentence is six years and eight months. By reason of such statutory provision, the sentence is modified, and as modified the minimum sentence shall be a term of not less than six years and eight months, and the maximum shall not exceed 20 years.

The judgment of conviction is affirmed. The cause is remanded to the Circuit Court with directions to issue an amended *mittimus* reflecting the sentence as modified.

Affirmed and remanded with directions.

CRAVEN, P. J., and SMITH, J., concur.