*In re* MAURICE BARR, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MAURICE BARR, Respondent-Appellant.)

First District (1st Division)    No. 62080

Opinion filed March 15, 1976.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

This action concerns a petition by the State to adjudge Maurice Barr, a minor, delinquent and a ward of the court. The minor admitted to one count of armed robbery before the circuit court of Cook County, Juvenile Division, and the court adjudged the minor delinquent and ordered him committed to the Department of Corrections. The respondent appeals contending that the court was without jurisdiction to commit him to the Department of Corrections because he was never adjudged a ward of the court.

The respondent admitted to a single count of armed robbery. The court, after accepting this admission, ordered a social investigation of the minor's background. After the court was apprised of the results of the social investigation, the court stated orally that there would be a commitment to the Department of Corrections, Juvenile Division. A dispositional order, signed by the judge on January 27, 1975, the same day the hearing was held, was entered into the record confirming the minor's commitment to the Department of Corrections. The order is a standard form which, just prior to the order committing the minor to the Department of Corrections, contains a paragraph which states:

"The court considered the evidence and finds: it has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent; all statutory prerequisites have been complied with; placement under Section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public; the parent, guardian, or legal custodian is unfit, unable, or unwilling to care for, protect, train or discipline the minor."

The half sheet also noted the entry of the above order. Neither the transcript, the written dispositional order nor the half sheet contains language which states that the minor has been adjudged a ward of the court.

The minor contends that section 4—8 of the Juvenile Court Act (Ill.

Rev. Stat. 1973, ch. 37, par. 704—8) requires that there be an explicit adjudication that a minor be made a ward of the court before a court has the jurisdiction to commit that minor to the Department of Corrections. The State counters in its brief that while there was no explicit adjudication of wardship, the written order of commitment contains sufficient language to show that the court did in fact adjudge the minor a ward of the court or, in the alternative, that the commitment order implies all the prerequisite adjudications necessary for such an order. The language in the commitment order to which the State alludes states that "all statutory prerequisites have been complied with." Counsel on appeal inform us that there are a number of pending appeals involving this point.

■■ Section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) states that:

"§4—8. Findings and Adjudication. (1) After hearing the evidence the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is a person described in Section 2—1. *If it finds* that the minor is not such a person or *that the best interests of the minor and the public will not be served by adjudging him a ward of the court,* the court shall order the petition dismissed and the minor discharged from any detention or restriction previously ordered in such proceeding.

(2) *If the court finds that* the minor is a person described in Section 2—1 *and that it is in the best interests of the minor and the public that he be made a ward of the court,* the court shall note in its findings whether he is delinquent, otherwise in need of supervision, neglected or dependent, specifying which of Sections 2—2 through 2—5 is applicable, *and shall adjudge him a ward of the court* and proceed at an appropriate time to a dispositional hearing.

(3) *An adjudication of wardship* hereunder *is a final judgment* for purposes of appeal. The appellee shall be the People." (Emphasis added.)

Subsections (1) and (2) of this section speak of a "person described in Section 2—1." This refers to a minor who has been found to be delinquent, a minor otherwise in need of supervision, a neglected minor or a dependent minor. (Ill. Rev. Stat. 1973, ch. 37, par. 702—1 through 702—5.) Subsection (2) of section 4—8 then states that if the court finds the minor a person described in section 2—1 "and that it is in the best interests of the minor and the public that he be made a ward of the court," then the court shall note whether the minor was found delinquent, otherwise in need of supervision, neglected or dependent "and shall adjudge him a ward of the court" and proceed to a dispositional hearing. This section, therefore, sets forth two specific adjudicatons that the court must make

before proceeding to a dispositional hearing: (1) whether the minor is found to be delinquent, otherwise in need of supervision, neglected or dependent and (2) whether he should be made a ward of the court. The first of these adjudications was recorded by the court in the written commitment order which stated that the minor "has been adjudged a delinquent." The issue is whether the court has made the second adjudication, that the minor be made a ward of the court.

The proposition that two separate adjudications are required by the Act finds support in the fact that the Act sets forth separate tests for these adjudications. A minor is to be adjudged a delinquent if he is found to have violated or attempted to violate any Federal or State law or municipal ordinance. (Ill. Rev. Stat. 1973, ch. 37, par. 702—2.) However, a minor shall not be made a ward of the court unless he not only has been adjudged delinquent (or otherwise in need of supervision, neglected or dependent) but that it is also found to be "in the best interests of the minor and the public" that he be adjudged a ward of the court. (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(2).) Subsection 4—8(1) (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(1)) further distinguishes these two adjudications by stating that even though a minor may have been adjudged a delinquent, otherwise in need of supervision, neglected or dependent, if the court finds "that the best interests of the minor and the public will not be served by adjudging him a ward of the court, the court shall order the petition dismissed."

A complete reading of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 701—1 to 708—4) makes it clear that both of these adjudications must be made before the court has the jurisdiction to make a dispositional order. Subsection 5—1(1) (Ill. Rev. Stat. 1973, ch. 37, par. 705—1(1)) states that, "*After adjudging the minor a ward of the court,* the court shall hear evidence on the question of the proper disposition best serving the interests of the minor and the public." (Emphasis added.) Committing a minor to the Department of Corrections is one of the dispositions a court may make after such a dispositional hearing. (Ill. Rev. Stat. 1973, ch. 37, par. 705—2(1)(a).) Other references to the requirement that a finding that the minor be made a ward of the court before a dispositional hearing and order are found in the Act. Ill. Rev. Stat. 1973, ch. 37, pars. 701—10, 705—10.

We are of the opinion that the Juvenile Court Act requires an explicit adjudication that a minor be made a ward of the court before the court enters a dispositional order regarding the minor. In making this determination the court considers whether it is in the best interests of the minor and the public to make the minor a ward of the court. (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(2).) The State's brief suggests that the language in the court's dispositional order which states "all statutory prerequisites have

been complied with" is sufficient to demonstrate an adjudication that the minor has been made a ward of the court. We disagree.

■■ When a minor is adjudged to be a delinquent, the court must dismiss the petition unless it finds that it is in the best interests of the minor and the public to adjudge the minor a ward of the court. This adjudication is a vital part of the proceedings and of great importance to the minor. The Juvenile Court Act requires an explicit adjudication that the minor be made a ward of the court before a court may proceed to a dispositional hearing and order. The phrase "all statutory prerequisites have been complied with" contained in the standard form dispositional order used in this case does not constitute an explicit adjudication.

Requiring such an explicit adjudication is consistent with prior Illinois cases in the juvenile area. Three cases brought under the old Family Court Act (Ill. Rev. Stat. 1965, ch. 23, par. 2001 *et seq.*), the predecessor of the present Juvenile Court Act, dealt with this issue. (*Zook v. Spannaus*, 34 Ill.2d 612, 217 N.E.2d 789; *In re Dependency of Rosmis*, 26 Ill. App. 2d 226, 167 N.E.2d 826; *In re Dependency of Bartha*, 87 Ill. App. 2d 263, 230 N.E.2d 886.) These cases involved juvenile dependency and neglect petitions similar to those in the present Juvenile Court Act. The reviewing courts in these cases held that although the trial courts had made findings that the minors were dependent or neglected, they had failed to make other findings required by the statute. The findings the trial courts had failed to make included whether the guardians were unfit or unable to care for the minors. The reviewing courts held that because the Family Court Act requires such findings before a minor could be placed in the custody of another, a trial court did not have jurisdiction to enter dispositional orders placing minors in the custody of other unless the findings were in the record. In these cases the reviewing courts reversed the dispositional orders and remanded the cases for further proceedings. In *Rosmis* the court stated that there could be no presumption of jurisdiction to enter dispositional orders without compliance with the required findings.

The cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court and that the minor be committed to the Department of Corrections. If it be determined that no adjudication of wardship was made, the court shall decide whether such an adjudication is appropriate. If the court finds that the minor has not been and should not be adjudged a ward of the court, then the petition shall be dismissed and the minor discharged from custody. The court shall enter its findings of record.

Cause remanded with directions.

GOLDBERG, P. J., and SIMON, J., concur.