*In re* JOHNIE ROSS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* JOHNIE ROSS, Respondent-Appellant.)

First District (1st Division)    No. 61796

---

Opinion filed April 5, 1976.

828

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Respondent, Johnie Ross, a minor, was charged with the crime of theft in a petition filed in the Juvenile Division of the Circuit Court. On May 16, 1974, the court adjudged the minor delinquent and on June 24, 1974, respondent was placed on probation for a term of one year. No appeal was taken from the order of probation. A petition for supplemental relief, filed on August 14, 1974, charged the minor with violation of his probation for committing the offense of criminal damage to property. After a

hearing, the court held that respondent had violated his probation and ordered respondent committed to the Department of Corrections. On appeal, the respondent contends that the court was without jurisdiction to exercise any dispositional powers over respondent since respondent was never adjudged a ward of the court and that the revocation of probation was not proven by a preponderance of the evidence.

James C. Barry, a security guard at Gately Peoples Store, testified at the hearing on the supplemental petition. Mr. Barry stated that on August 5, 1974, he had the respondent arrested at the store on a charge of disorderly conduct. As the police were leaving the store with him, respondent told Mr. Barry that he would get even with him, that he would tear up his car or steal it. On the evening of August 6, while Mr. Barry was on duty at the store, the windshield of Mr. Barry's car was broken at about 7:30 p.m. or 8 p.m. A brick lay beside the car and fragments from the brick were on the car. The next morning, on August 7, 1974, Mr. Barry was unlocking the entrance to the store. Johnie Ross was standing outside the door. Respondent asked Mr. Barry whether he liked what happened to his "m———— f———— windshield."

Johnie Ross testified that at the time he was arrested on August 5 he did not threaten to damage or steal Mr. Barry's car. He denied breaking the car's windshield. The respondent stated that on August 7 he was at a bus stop in front of the store. He saw Mr. Barry come out of the front door to the store. The respondent denied making any statement to Mr. Barry concerning the windshield.

The State contends that respondent, on this appeal from the revocation of his probation, cannot assert that there was no adjudication of wardship at his delinquency because he did not appeal the order placing him on probation. In addition, the State asserts respondent, having failed to raise the issue in the trial court and his notice of appeal indicating that he was appealing only from the revocation of probation, has waived the issue.

■■■ The question of the court's jurisdiction may be raised at any time. A jurisdictional issue can be presented on appeal from an order revoking probation where no appeal was taken from the initial judgment. (*People v. Gregory*, 59 Ill. 2d 111, 112, 319 N.E.2d 483.) Therefore, the issue of whether or not the trial court had jurisdiction to enter a dispositional order as to respondent, and later to revoke respondent's probation, is properly before us.

The State agrees with respondent that the Juvenile Court Act requires that a minor must be adjudged a ward of the court before a dispositional hearing can be held. (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(2).) However, the State asserts that respondent was, in fact, made a ward of the court prior to the dispositional order for probation. In support of this contention, the State argues that every dispositional order for probation

or commitment necessarily implies that the findings required for adjudication of wardship have been made since section 4—8(1) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) requires the court to dismiss the petition if a finding of wardship is not made. Additionally, the State points out that the dispositional order recites that "all statutory prerequisites have been complied with"; therefore, there was a finding that respondent was a ward of the court since adjudication of wardship is statutorily required prior to entering a dispositional order.

The appellate court in *In re Barr*, 37 Ill. App. 3d 10, reviewed the question of whether the circuit court has jurisdiction to enter a dispositional order absent an adjudication that the minor is a ward of the court. The same contentions made by the State in the case before us were made in *Barr*. The court in that case analyzed the statutory scheme pertaining to the necessity for an adjudication of wardship. It held that the trial court must make an *explicit* adjudication that a minor is a ward of the court before the court has the authority to enter a dispositional order. The court considered the written dispositional order insufficient to imply a finding of wardship. The order recited that "the minor has been adjudicated a delinquent." The court in *Barr* concluded that the adjudication of delinquency is entirely separate from the adjudication of wardship. The court held that the language in the dispositional order, which is on a standard form, "all statutory prerequisites have been complied with" was insufficient to show that the adjudication had been made. Further, neither the transcript, the half-sheet nor the written dispositional order contained language explicitly stating that the minor was adjudged a ward of the court.

In the case at bar, no explicit adjudication of wardship is contained in the half-sheet or the written dispositional order in the record on appeal.

■■ We consider *Barr* to be dispositive of the issue of wardship in this case. In *Barr*, the court remanded the cause with directions that the court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court and, depending on what was ascertained, to take certain actions. We do likewise here.

■■ Turning to the question of the sufficiency of the evidence to prove a violation of probation, after reviewing the record we conclude that the evidence was insufficient to prove that defendant was guilty of the offense of criminal damage to property and that, therefore, on the evidence presented his probation was improperly revoked.

The order revoking respondent's probation and committing him to the Department of Corrections is reversed, the cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor

be adjudged a ward of the court and placed on probation. If it is determined that there was an adjudication of wardship, then the order placing him on probation shall stand; it it is determined that there was no adjudication of wardship, then the court shall decide whether such an adjudication is appropriate. If the court finds that the minor should not be adjudged a ward of the court, then the order of probation should be vacated, the petition dismissed and the minor discharged. The court shall enter its findings of record.

Order reversed and cause remanded with directions.

BURKE and SIMON, JJ., concur.