*In re* MANSIE JOHNSON, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MANSIE JOHNSON, Respondent-Appellant.)

First District (3rd Division)　No. 62234

Opinion filed October 21, 1976.

James J. Doherty, Public Defender, of Chicago (Jack L. Uretsky and Judith A. Stewart, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and LaBrenda E. White, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Pursuant to a petition for adjudication of wardship filed against respondent, Mansie Johnson, a probation order was issued on November 14, 1973, finding that respondent was a delinquent minor and placing him on probation for a period of six months. On May 3, 1974, a supplemental petition was filed alleging that respondent had violated his probation by the commission of a robbery on April 25, 1974. After a trial, the juvenile court found that respondent had violated his probation by the commission of the above robbery and ordered respondent committed to the Department of Correction. It is from this order that respondent now appeals.

On appeal, respondent contends as follows: (1) that the in-court identification of respondent, the only black juvenile in court, prejudicially denied respondent his right to due process and (2) that the 1973 probation order and 1974 sentence are improper due to the trial court's failure to make an adjudication of wardship.

We reverse and remand.

At trial, Mrs. Clara Walker, was the only witness to testify. Mrs. Walker stated that as she was walking on Cicero Avenue toward Madison Street in Chicago at 11:30 p.m. on April 25, 1974, three boys walking in the opposite direction separated to let her pass. At this time, the street lights at the corner as well as the lights in shops along the street were illuminating the area. Suddenly, one of the boys snatched at her shoulder bag causing Mrs. Walker to turn about and face the boys. As Mrs. Walker

attempted to free herself from her purse to prevent injury to herself, one of the boys successfully grabbed her purse. Since she had not freed herself from her purse, the force of the snatching caused her to lunge forward and fall. Although Mrs. Walker was wearing a hooded coat, she testified that the hood did not prevent her from noticing the boys' approach or from seeing them when she swung around.

The three boys ran, but police officers appearing on the scene at this time gave chase. Although the boy with the purse eluded the officers in a nearby apartment building, the other two boys were apprehended.

Mrs. Walker accompanied the officers and the two boys to the police station where the boys consistently denied that they knew who the other boy was until the mother of one of them demanded that he tell the truth. Mrs. Walker further testified at trial that the respondent was apprehended on the following evening. Mrs. Walker did not have a second opportunity to view the respondent during the interim between the incident and the hearing. However, Mrs. Walker testified that although she did not notice what the boys had been wearing, she stood within one foot of the boy who snatched her purse and got a good look at his face. She remembered that the boy was slightly taller than she, that no scars marked his face and that he wore his hair in a natural. Mrs. Walker identified the respondent in court as the boy who had snatched and ran away with her purse. At the time of this identification respondent was seated at defense counsel's table and was the only black person in the courtroom.

■■ Respondent first contends that Clara Walker's in-court identification of him prejudicially denied him his right to due process. Respondent points out that he was the only black person in a closed courtroom and argues that the "one-on-one" identification was unnecessarily suggestive and conducive to irreparable mistaken identification. We disagree. The fact that respondent was the only black person at counsel's table when he was identified in court as the offender does not render complainant's identification improper. Clearly the prosecution is not required to fill a courtroom with individuals who resemble the defendant in order to insure a proper identification. (*People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.) Furthermore, there is no requirement that a witness to a crime make a pretrial identification of the accused. *People v. Lawless* (1975), 31 Ill. App. 3d 650, 334 N.E.2d 292.

■■ Clara Walker's testimony indicates that at the time of the incident the area was well illuminated and that she had an adequate opportunity to see the defendant. We find her testimony credible and positive and must conclude that the in-court identification of the defendant did not deny defendant his right to due process.

■■ Respondent next contends that the 1973 probation order and 1974 sentence are improper due to the trial court's failure to make an

adjudication of wardship. Conceding that the probation order does not specifically state that the respondent was adjudicated a ward of the court, the State argues that the action taken by the trial court indicates that the respondent was in fact adjudged a ward of the court. In light of recent decisions of this court we see no need to set forth the State's argument in detail. This court has recently considered the above question and has ruled that the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 701—1 to 708—4) requires an explicit adjudication that a minor be made a ward of the court before the court enters a dispositional order regarding the minor. (*People v. Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517.) As stated in *Barr*:

> "When a minor is adjudged to be a delinquent, the court must dismiss the petition unless it finds that it is in the best interests of the minor and the public to adjudge the minor a ward of the court. This adjudication is a vital part of the proceedings and of great importance to the minor. The Juvenile Court Act requires an explicit adjudication that the minor be made a ward of the court before a court may proceed to a dispositional hearing and order." *In re Barr* (1976), 37 Ill. App. 3d 10, 14, 344 N.E.2d 517, 519.

Therefore, the order of the circuit court of Cook County committing the respondent to the Department of Correction is reversed, and the cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the respondent and the public that the respondent be adjudged a ward of the court and that he be committed to the Department of Correction. If the court finds that there was an adjudication of wardship, the order committing respondent shall stand. If it be determined that no adjudication of wardship was made, the court shall decide whether such an adjudication is in order. If the trial court finds that the respondent has not been and should not be adjudged a ward of the court, the petition shall be dismissed and the respondent discharged.

Judgment reversed, cause remanded.

MEJDA, P. J., and McNAMARA, J., concur.