*In re* STEVEN DAVIS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* STEVEN DAVIS, Respondent-Appellant.)

First District (4th Division)    No. 62409

Opinion filed December 22, 1976.

James J. Doherty, Public Defender, of Chicago (Richard E. Garrity, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

A petition for adjudication of wardship was filed in the juvenile division of the circuit court of Cook County against the minor-respondent, Steven Davis, alleging that he had committed the offense of burglary. At a hearing held on March 21, 1975, respondent admitted to the charge contained in the petition. On March 31, 1975, the court adjudged respondent delinquent and committed him to the Department of Corrections. On appeal, respondent contends that the court lacked jurisdiction to commit him to the Department of Corrections since he had not been explicitly adjudged a ward of the court prior to his commitment as required by the Juvenile Court Act. Ill. Rev. Stat. 1973, ch. 37, par. 701 et seq.

The dispositional order, signed by the judge, was a standard form used in juvenile proceedings and stated that:

"The court considered the evidence and finds: it has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent; all statutory prerequisites have been complied with; placement under section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public; the parent, guardian or legal custodian is unfit, unable or unwilling to care for, protect, train or discipline the minor."

In In re Barr (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517, the dispositional order was identical to the one now in issue. The State's argument that the statement in the order that "all statutory prerequisites have been complied with" indicated an implicit adjudication of wardship was rejected. It was held that section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) requires that the trial court make an explicit adjudication that the minor is a ward of the court before the court enters a dispositional order regarding the minor. The court in Barr further stated that the trial court, in making this determination, considers whether it is in the best interests of the minor and the public to make the minor a ward of the court. (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(2).) Subsequent cases have reached similar results. In re Ross (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; In re Cajigas (1976), 39 Ill. App. 3d 600, 351 N.E.2d 610.

■■ Although the dispositional order in the instant case is identical to the order in Barr, the State now urges us to consider the language of the order which states that "placement under Section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public." It is argued that since section 5—7 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—7) refers explicitly to placement of "a minor adjudged a ward of the Court," and since the language in the order indicates the court considered the requisite factors which must be found

prior to an adjudication of wardship, the order thus speaks *by reference* of a minor who has been adjudged a ward of the court. We reject this contention.

The court did not make an explicit adjudication of wardship merely because it considered whether placement of the respondent under section 5—7 would serve the best interests of the minor and the public. The taking of these factors into account in arriving at a disposition does not indicate that they were considered in determining whether to adjudge the respondent a ward of the court, or even that such an adjudication was made. Furthermore, even if we were to accept the State's premise, we must still hold that this phrase does not constitute an explicit adjudication. See *In re Duffy* (1976), 44 Ill. App. 3d 799, 358 N.E.2d 1170.

Lastly, the State contends that if we hold that there was not an adjudication of wardship then the appeal should be dismissed. This argument is premised upon section 4—8 of the Juvenile Court Act which provides: "An adjudication of wardship hereunder is a final judgment for purposes of appeal." (Ill. Rev. Stat. 1973, ch. 37, par. 704—8). It is the State's position that absent an adjudication of wardship there can be no final judgment from which an appeal may be taken.

Under the provisions of the new Supreme Court Rule 660 (Ill. Rev. Stat. 1975, ch. 110A, par. 660(a)), appeals from final judgments in delinquent minor proceedings shall be governed by the rules applicable to criminal cases. The Committee Comments indicate that the rule clarifies rather than changes "the procedure in appeals from determinations under the Juvenile Court Act." (Ill. Ann. Stat., ch. 110A, par. 660, Committee Comments (Smith-Hurd 1975).) Although Rule 660 became effective subsequent to the instant case, the intent of the rule makes it clear that its provisions are applicable to the present proceedings.

The final judgment is a sentence for purposes of a criminal appeal. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Tomer* (1973), 15 Ill. App. 3d 309, 304 N.E.2d 129.) Similarly, the dispositional order committing a respondent is predicated upon an adjudication of wardship and is a final judgment from which an appeal may be taken under the Juvenile Court Act. If the respondent was committed by a court which did not have jurisdiction to do so because it did not explicitly adaudge him a ward of the court, then he may appeal from the judgment of commitment upon that ground. (See *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457.) There is little more final than an order of commitment by a court lacking jurisdiction to commit.

■■ Consequently, in accordance with *Barr*, the cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court and that the minor be

committed to the Department of Corrections. If it be determined that no adjudication of wardship was made, the court shall decide whether such an adjudication is appropriate, and if so shall proceed to make it. If the court finds that the minor has not been and should not be adjudged a ward of the court, then the petition shall be dismissed and the minor discharged from custody. The court shall enter its findings of record.

Cause remanded with directions.

JOHNSON, P. J., and DIERINGER, J., concur.