In re VICTOR HORTON, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. VICTOR HORTON, Respondent-Appellant.)

First District (4th Division)    No. 63191

Opinion filed January 13, 1977.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, Edward D. Stern, and Neil H. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

A petition for adjudication of wardship was filed in the juvenile division of the circuit court of Cook County against the minor-respondent, Victor Horton, alleging that he had committed the offense of unlawful use of weapons. At a hearing held on October 24, 1974, respondent, after admitting to the charge, was adjudged delinquent and placed on probation for one year. On March 17, 1975, after respondent admitted to a violation of his probation, the term of probation was extended to June 19, 1975.

On May 15, 1975, respondent was found guilty of battery. His probation was revoked and he was committed to the Department of Corrections. On appeal, respondent contends that the court lacked jurisdiction to commit him since he had not been explicitly adjudged a

ward of the court prior to his commitment as required by the Juvenile Court Act. Ill. Rev. Stat. 1973, ch. 37, par. 701 *et seq.*

The dispositional order, signed by the judge, was a standard form used in juvenile proceedings and stated that:

"The court considered the evidence and finds:

it has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent; all statutory prerequisites have been complied with; placement under section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public; the parent, guardian or legal custodian is unfit, unable or unwilling to care for, protect, train or discipline the minor."

■■ ■ The identical order which respondent now presents for our determination has been recently considered in several cases. (*In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Cajigas* (1976), 39 Ill. App. 3d 600, 351 N.E.2d 610; *In re Duffy* (1976), 44 Ill. App. 3d 799, 358 N.E.2d 1170; *In re Davis* (1976), 44 Ill. App. 3d 970, 358 N.E.2d 1233.) It has consistently been held that section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) requires that the trial court make an explicit adjudication that the minor is a ward of the court before the court enters a dispositional order regarding the minor, and further that the order now in issue fails to make such an adjudication. Consequently, the trial court was without authority to enter the dispositional order.

The State contends that if we hold that there was not an adjudication of wardship then the appeal should be dismissed because there is no final judgment from which an appeal may be taken. This argument was also advanced in *In re Davis* (1976), 44 Ill. App. 3d 970, 358 N.E.2d 1233. In rejecting the contention, we stated:

"Under the provisions of the new Supreme Court Rule 660 (Ill. Rev. Stat. 1975, ch. 110a, par. 660(a)) appeals from final judgments in delinquent minor proceedings shall be governed by the rules applicable to criminal cases. The committee comments indicate that the rule clarifies rather than changes 'the procedure in appeals from determinations under the Juvenile Court Act.' (S. H.A.1975, ch. 110a, par. 660, committee comments.) Although Rule 660 became effective subsequent to the instant case, the intent of the rule makes it clear that its provisions are applicable to the present proceedings.

The final judgment is a sentence for purposes of a criminal appeal. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Tomer* (1973), 15 Ill. App. 3d 309, 304 N.E.2d 129.) Similarly, the dispositional order committing a respondent is predicated upon an adjudication of wardship and is a final judgment from which an

appeal may be taken under the Juvenile Court Act. If the respondent was committed by a court which did not have jurisdiction to do so because it did not explicitly adjudge him a ward of the court, then he may appeal from the judgment of commitment upon that ground. (See *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457.) There is little more final than an order of commitment by a court lacking jurisdiction to commit." 44 Ill. App. 3d 970, 972.

The cause is therefore remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court and placed on probation. If it is determined that there was an adjudication of wardship, then the order placing the minor on probation and all subsequent orders, including the order of commitment, shall stand; if it is determined that there was no adjudication of wardship, then the court shall decide whether such an adjudication is appropriate. If the court determines an adjudication is appropriate and if it finds an order of wardship should be entered, it shall do so and enter such dispositional order as is suitable and proper, and in conformity with the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 701 *et seq.*). If the court finds that the minor should not be adjudged a ward of the court, then the petition shall be dismissed and the minor discharged. (See *In re Thomas* (1976), 37 Ill. App. 3d 788, 353 N.E.2d 249.) The court shall enter its findings of record.

Cause remanded with directions.

DIERINGER, P. J., and JOHNSON, J., concur.