*In re* TYRONE YOUNGER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* TYRONE YOUNGER, Respondent-Appellant.)

First District (4th Division)  No. 62274

Opinion filed January 27, 1977.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

A petition for adjudication of wardship was filed on September 18, 1974, alleging that Tyrone Younger, a minor, was delinquent in that he committed the offense of criminal trespass to a vehicle. (Ill. Rev. Stat. 1973, ch. 38, par. 21—2.) An adjudicatory hearing was held on September 30, 1974. On November 18, 1974, there was a finding of delinquency and

the minor was subsequently committed to the Department of Corrections. Respondent appeals from that order.

On appeal respondent contends that the commitment order is invalid because the court lacked jurisdiction due to the court's failure to first adjudge him a ward of the court.

## I.

While conceding that the dispositional and commitment order does not specifically state respondent was adjudicated a ward of the court, petitioner argues that the language used in the disposition order and the action taken by the court indicate there was what amounted to a *de facto* adjudication of wardship in that the dispositional order recites that "placement under Section 5—7 of the Juvenile Court Act will not serve the best interests of the minor and the public" which are the requisite factors upon which an adjudication of wardship must be founded.

■■ In line with a number of cases decided by this court it is clear that the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 *et seq.*) requires an *explicit adjudication* that a minor be made a ward of the court *before* the court enters a dispositional order regarding the minor. *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Jennings,* (1975), 32 Ill. App. 3d 857, 336 N.E.2d 786; *In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Johnson* (1976), 43 Ill. App. 3d 549, 357 N.E.2d 587.

In *Barr,* the court stated:

> "When a minor is adjudged to be a delinquent, the court must dismiss the petition unless it finds that it is in the best interests of the minor and the public to adjudge the minor a ward of the court. This adjudication is a vital part of the proceedings and of great importance to the minor. The Juvenile Court Act requires an explicit adjudication that the minor be made a ward of the court before a court may proceed to a dispositional hearing and order." 37 Ill. App. 3d 10, 14.

## II.

Contrary to petitioner's assertion, we find the dispositional order entered in the case at bar to be the same standard order held in *Barr* to be defective in that it did not comply with the specific requirements of the Juvenile Act which mandates that after making certain findings (delinquency) the court "shall adjudge him a ward of the court." It does not automatically follow that from a mere recitation in a standard form order that "placement under 5—7 of the Juvenile Act would serve the best interests of the minor and the public," we must (or can) conclude that these factors were actually considered by the court or that an adjudication was made. It certainly was not an explicit adjudication.

## III.

■■ Petitioner also argues that if this court finds there was no adjudication of wardship, this appeal must be dismissed for want of a final appealable order. That while an adjudication of wardship is a final judgment for purposes of appeal (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(3)), neither a finding of delinquency nor dispositional order is such an order, absent the prior adjudication of wardship.

This court has recently decided two cases on this precise point which are dispositive of the issue. *In re Davis* (1976), 44 Ill. App. 3d 970, 358 N.E.2d 1233; *In re Horton* (1976), 45 Ill. App. 3d 264, 360 N.E.2d 394.

In *Davis* this court, after citing new Supreme Court Rule 660 (Ill. Rev. Stat. 1975, ch. 110a, par. 660(a)), providing that appeals from final judgments in delinquency minor proceedings shall be governed by the rules applicable in criminal cases, stated:

"The final judgment is a sentence for purposes of a criminal appeal. [Citations.] Similarly, the dispositional order committing a respondent is predicated upon an adjudication of wardship and is a final judgment from which an appeal may be taken under the Juvenile Court Act. If the respondent was committed by a court which did not have jurisdiction to do so because it did not explicitly adjudge him a ward of the court, then he may appeal from the judgment of commitment upon that ground. [Citation.] There is little more final than an order of commitment by a court lacking jurisdiction to commit." 44 Ill. App. 3d 970, 972.

Therefore, the order of the circuit court of Cook County committing the respondent to the Department of Corrections is reversed and the cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of respondent and public that he be adjudged the ward of the court and that he be committed to the Department of Corrections. If the court finds that there was an adjudication of wardship, the order committing respondent will stand. If it be determined that no such adjudication of wardship was made, the court shall decide whether such an adjudication is appropriate. If the court finds that the minor has not been and should not be adjudged a ward of the court, then the petition shall be dismissed and the minor discharged from custody. The court shall enter its findings of record.

Cause remanded with directions.

DIERINGER, P. J., and JOHNSON, J., concur.