THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HOWARD REEDUS, Defendant-Appellant.

First District (1st Division)    No. 62814

Opinion filed February 22, 1977.

Lawrence Wolf Levin, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Salvatore R. Marzullo, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of this court:

Howard Reedus, hereafter defendant, was charged by indictment with the rape and armed robbery of Mrs. Evelyn Richardson. Following a bench trial in the Circuit Court of Cook County, he was found guilty of

the charges and sentenced to a term of four to six years in the penitentiary. Defendant appeals, contending that the victim's in-court identification was improperly suggestive and highly prejudicial; and that the State failed to prove him guilty beyond a reasonable doubt.

Evelyn Richardson testified that she was returning home from a shopping trip on May 4, 1973, at 3:30 p.m. While walking westbound on 74th Street at Yale, in Chicago, she was accosted at gunpoint by the defendant and another man, taken into a nearby alley, robbed of $11, and raped by each man. She stated that the defendant told her not to call the police because neither man had ejaculated and there would be no evidence. Mrs. Richardson testified she was in the alley with the men for a period of from five to 15 minutes, and that she got a good look at both men. Upon reaching her house, she notified the police, and gave them a description of her assailants. The following day after viewing police photographs she made a tentative identification of the second of her assailants, not the defendant. Subsequently, on May 22, 1973, a police investigator showed Mrs. Richardson four to six individual photographs and one group photograph. She positively identified the defendant from the group photograph as one of the men who had raped and robbed her. The following day Mrs. Richardson positively identified the defendant in open court at a preliminary hearing. Later, at the trial, Mrs. Richardson once again unequivocally identified the defendant as one of the men who had raped and robbed her.

The defendant initially contends that the trial court erred in admitting evidence concerning his identification. The basis of the claim of error is the fact that the complainant, on the day after identifying the defendant from a group photograph, identified him at a preliminary hearing. Defendant claims this one-on-one identification at the preliminary hearing was the result of complainant's prior viewing of the group photograph, and as such lacked an independent origin and was unduly suggestive. We do not agree.

■ In *People v. Mitchell* (1975), 34 Ill. App. 3d 311, 318, 340 N.E.2d 226, 231, we quoted *Stovall v. Denno*, 388 U.S. 293, 302, 18 L. Ed. 2d 1199, 1206, 87 S. Ct. 1967, and *People v. Blumenshine* (1969), 42 Ill. 2d 508, 512, 250 N.E.2d 152, in holding that:

> " ' The practice of showing suspects singly to persons for the purpose of identification, and not as part of a line-up, has been widely condemned' [citation]; but not every viewing of a suspect alone will be considered a denial of due process if there are justifying or saving circumstances."

The burden is on the defendant to show that the confrontation conducted was unnecessarily suggestive and conducive to irreparable mistaken identification. (*People v. Blumenshine*.) Where the courtroom identification was based on an observation of independent origin and not on

improper pretrial confrontation, it is admissible. (*People v. Winfrey* (1973), 11 Ill. App. 3d 164, 298 N.E.2d 413; *People v. Johnson* (1976), 43 Ill. App. 3d 549, 357 N.E.2d 587.) The record herein discloses that the complainant viewed the defendant for a period of from five to 15 minutes, in midafternoon, and at close range while he raped and robbed her. Under these circumstances, we find that her courtroom identification was of independent origin and not the product of any suggestive or improper procedure. We find no merit in defendant's claim that his constitutional right to be assisted by counsel was violated at the preliminary hearing. The record disclosed that defendant was in fact represented by counsel at all times during the preliminary hearing.

■■■ Finally, defendant claims that the evidence failed to prove him guilty beyond a reasonable doubt. Specifically defendant contends that Mrs. Richardson's testimony concerning his physical description was sufficiently contradictory to create reasonable doubt. We do not agree. Mrs. Richardson testified that she described defendant to the police as 5'7" to 5'9", with a slender build, and medium brown skin. On cross-examination she described the defendant as a male Negro, 5'7" to 5'8" tall. Previously Mrs. Richardson had positively identified the defendant from a group photograph, at the preliminary hearing, and at the trial. The defendant testified that he was 5'11" tall and weighed 155 or 160 pounds. He did not know whether his 5'11" height was with or without platform shoes. The testimony of one witness, if positive, and if the witness is credible, is sufficient to convict even though contradicted by the accused. (*People v. Gray* (1962), 24 Ill. 2d 229, 232, 181 N.E.2d 162, 163.) In the instant case we find the complainant's identification testimony positive, credible, and persisted in after cross-examination. Precise description of a defendant is not necessary where the identification is positive. (*People v. Brooks* (1973), 13 Ill. App. 3d 1003, 301 N.E.2d 496; *People v. Carroll* (1973), 12 Ill. App. 3d 869, 299 N.E.2d 134.) The function of the trial judge as a trier of fact is to determine the credibility of all the witnesses and the weight to be given to their testimony and his finding of guilt will be disturbed only where the evidence is so unreliable, improbable, and unsatisfactory as to leave a reasonable doubt as to defendant's guilt. (*People v. Catlett* (1971), 48 Ill. 2d 56, 64, 268 N.E.2d 378, 382.) A minor discrepancy as to height by a witness during a vigorous cross-examination is not evidence so unreliable, improbable, or unsatisfactory as to leave a reasonable doubt as to defendant's guilt.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.