In re CHARLES FORNIZY, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. CHARLES FORNIZY, Respondent-Appellant.)

First District (1st Division)    No. 76-406

Opinion filed April 18, 1977.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Paul E. Kelly, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

This case involves a proceeding in the Circuit Court of Cook County under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—1 *et seq.*). Respondent Charles Fornizy admitted the allegation of the delinquency petition which charged that he had committed a theft in violation of section 16—1(d)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1)). Subsequently, he was adjudged delinquent and committed to the Department of Corrections. The issues presented for review are: (1) whether Supreme Court Rule 402 (58 Ill. 2d R. 402, Ill. Rev. Stat. 1975, ch. 110A, par. 402) is applicable to proceedings under the Juvenile Court Act; and (2) whether the court lacked jurisdiction to commit the respondent to the Department of Corrections where there was no explicit adjudication of wardship prior to commitment as required by the Juvenile Court Act.

Respondent was charged with theft for being in possession of a number of glass mirror-tiles valued in excess of $150 in violation of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1)). At a hearing on June 3, 1975, the court first determined that respondent understood the nature of the charge, his right to a trial, to confront witnesses, to have witnesses testify on his behalf, to remain silent at trial with no resultant prejudice, that the Public Defender would represent him at trial and that the court would have to be convinced that respondent did the acts as accused. Respondent replied that he understood. The court then asked whether respondent understood that any punishment was for the court to determine and that the court was. not bound by any promises that may have been made by anyone else. Respondent answered in the affirmative, and admitted to the court that he received the stolen tiles from a friend, that he knew they were stolen, and that he intended to keep them. Thereupon the court accepted respondent's admission and adjudged him delinquent. At a dispositional hearing on June 16, 1975, the court committed respondent to the Department of Corrections.

Respondent initially contends that due process requires application of Supreme Court Rule 402 to juvenile proceedings. Error is assigned to the fact that the trial court did not inform respondent of the minimum and maximum sentence prescribed by law and failed to ascertain whether the admission was voluntary as required by Rule 402. We do not agree.

■■ In light of our Supreme Court's recent holding in *In re Beasley*

(1977), 66 Ill. 2d 385, 362 N.E.2d 1024, we hold that Supreme Court Rule 402 (58 Ill. 2d R. 402) does not apply to proceedings under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—1 *et seq.*). Quoting *Beasley*, "It is sufficient to satisfy due process requirements that it be apparent from the record that the minors were aware of the consequences of their admissions; that is, that they understood their rights against self-incrimination, their rights to confront their accusers and their rights to a trial; that by the admissions they waived these rights and that the waiver conferred upon the court the authority to treat them in a manner authorized by the Juvenile Court Act."

The record herein discloses that the trial court complied in all respects with the due process requirements as enunciated in *Beasley*.

Respondent next urges that the commitment order is invalid because the court lacked jurisdiction for failing to first adjudge him a ward of the court.

■■ After a careful examination of the record, we find that the juvenile court failed to make an explicit adjudication that the respondent be made a ward of the court. An explicit adjudication of wardship is required before the court enters a dispositional order regarding the minor. (Ill. Rev. Stat. 1975, ch. 37, par. 701—18; *In re Horton* (1977), 45 Ill. App. 3d 264, 360 N.E.2d 394.) Therefore, the order of the Circuit Court of Cook County committing the respondent to the Department of Corrections is reversed and the cause is remanded to that court for determination as to whether an adjudication of wardship is appropriate.

Affirmed in part; reversed in part; and remanded with directions.

McGLOON and O'CONNOR, JJ., concur.