*In re* ANTHONY OLIVO, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ANTHONY OLIVO, Respondent-Appellant.)

First District (1st Division)    No. 76-1474

Opinion filed July 18, 1977.

Mark K. Schoenfield, of Northwestern Legal Assistance Clinic, and Sylvia Markowicz Neil, of Legal Assistance Foundation, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

On May 11, 1976, respondent Anthony Olivo was adjudicated delinquent by the circuit court of Cook County. A social investigation was

ordered and a dispositional order was entered placing respondent on six months probation on June 15, 1976. Respondent thereafter moved for a new trial, which motion was denied on August 4, 1976. Respondent appeals.

Section 4—8 of the Juvenile Court Act requires that an adjudication of wardship be made before the court may proceed to a dispositional hearing. (Ill. Rev. Stat. 1975, ch. 37, par. 704—8.) An adjudication of wardship is a jurisdictional prerequisite to a court entering a dispositional order. *In re Barr* (1976), 37 Ill. App. 3d 10, 13, 344 N.E.2d 517, 519; *In re Ross* (1976), 37 Ill. App. 3d 827, 830, 347 N.E.2d 457, 459-60.

Neither the common law record nor the transcript of the proceedings below reveals an adjudication of wardship of the respondent. Counsel on appeal agree that respondent was not adjudicated a ward of the court. The trial court, therefore, had no jurisdiction to enter a dispositional order.

The order placing the respondent on probation is reversed and the cause remanded with directions to proceed in a manner consistent with this opinion.

Order reversed and cause remanded with directions.

GOLDBERG, P. J., and McGLOON, J., concur.