## George Philipopoulos, Appellee, v. Spiros Papantonis et al., Appellants.

### Gen. No. 15,471.

DECREES—*when not set aside on review.* If no error of law appears and the proofs sustain the averments of the bill and the decree is just and equitable, the same will not be set aside.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed April 18, 1911.

J. C. CARLSON and HEBEL & HAFT, for appellants.

THOMPSON & CLARK, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellee, George Philipopoulos, obtained a decree in the Superior Court of Cook county upon a bill filed by him against Spiros Papantonis and William Catseones to set aside the sale of a certain cigar and pool room located at 22 North Clark street, in the city of Chicago.

The bill avers that the defendant, appellants here, induced the complainant to purchase the cigar and poolroom in question upon fraudulent representations made by the defendants, appellants here, as to the

daily cash receipts received by them from the business which they had theretofore conducted in the poolroom.

The record shows that the averments of the bill were denied by appellants' answer, and that the testimony as to the representations made to the complainant by the appellants on the occasion of the purchase, or prior to the purchase, was conflicting. The cause was tried before the court and the chancellor had an opportunity to see the witnesses and to observe their conduct and manner of testifying, and great weight, we think, must be given to his judgment for that reason.

The evidence on the part of the complainant tended to show that he was induced to purchase the establishment at a grossly exorbitant price, much more than it was worth, and that the daily receipts of the business were nowhere near what they were represented to be by the defendants when they sold it to the complainant, and that the complainant was grossly swindled.

The evidence on the part of the defendants tends strongly to deny the various representations of facts shown by the testimony on the part of the complainant, and it is urged that the decree of the court rescinding the contract of sale and allowing appellants credit for the cigars disposed of by appellee, and fixing the amount thereof at $45, which amount the decree deducts from the $500 in cash paid by complainant, and cancels the notes and chattel mortgage given by the complainant to the defendants, and orders the notes and mortgage surrendered, is unsupported by the evidence, and unjust and inequitable.

Upon an examination of the record and the evidence, the arguments and authorities submitted on behalf of the appellants, we are of the opinion that the proof sustains the averments of the bill and that the decree is just and equitable.

The decree is affirmed.

*Affirmed.*