Warren B. McKee, Plaintiff-Appellee, v. Standard Cartage Company, Not Inc., Defendant-Appellant.

**Gen. No. 48,553.**

First District, Second Division.
February 23, 1962.

Panter, Nelson, Rothstein & Albert, all of Chicago, for appellant.

Royal E. Spurlark, Jr., of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

On June 17, 1960 an order was entered in the Municipal Court on motion of plaintiff vacating and setting aside a prior order of dismissal for want of prosecution of the instant case, which prior order had been

entered on June 7, 1960. The case was continued for hearing until December 1, 1960.

On December 1, 1960 an order was entered on motion of defendant dismissing the cause for want of prosecution. However, the record shows another "memorandum order" entered for the same case on the same date of December 1, 1960 which reads in its entirety: "Postponed to May 9, 1961."

On April 27, 1961 an order was entered in this same case which reads as follows:

> "This cause coming on for hearing on motion of plaintiff heretofore entered that the entry of dismissal heretofore vacated in and by the minutes of the Court be entered in the half-sheet of the above cause and that the memorandum order entered DECEMBER 1ST, 1960 placing the above cause at the head of the call for MAY 9TH, 1961 be confirmed and said cause set for trial on said day and date and for immediate pre-trial of the cause, and the Court being fully advised in the premises, sustained said motion."

It is from this last order that defendant prosecutes the instant appeal, contending that the order of continuance after the cause was dismissed was void and that the court had no jurisdiction to entertain plaintiff's oral motion to confirm the order of continuance. The present disposition of this action for damages, aside from the instant appeal, is that it is pending trial in the Municipal Court and set to be heard on March 7, 1962.

██ ██ The order of April 27, 1961 is not a final order terminating the litigation between the parties, and we have no jurisdiction to entertain this appeal. Cf. City of Park Ridge v. Murphy, 258 Ill 365, 101 NE 524. Section 77 of the Civil Practice Act limits the right of review to appeals from "final judgments, orders or decrees." Ill Rev Stats 1961, c 110, § 77; Village

of Niles v. Szczesny, 13 Ill2d 182, 141 NE2d 649. It is the duty of the Appellate Court to dismiss on its own motion an appeal from a judgment or order that is not final, even when the question of jurisdiction is not raised by the parties to the suit. Jeske v. Leoris, 31 Ill App2d 231, 175 NE2d 672.

██ ██ The "memorandum order" of December 1, continuing the case until May 9, was listed in the clerk's minute book, but it was not entered on the half-sheets until several months later. However, the half-sheets are not the records of the court. Tinkoff v. Wharton, 344 Ill App 40, 50, 99 NE2d 915. The court below in making the second entry on December 1, must have considered itself as either vacating the prior dismissal order of the same day or entertaining a motion to vacate. In either event the court had jurisdiction to entertain such a motion in its discretion. Ill Rev Stats 1961, c 37, § 376. The order of April 27, 1961 referred back to and confirmed this second "memorandum order" of December 1. Thus, this is not an appeal from an order vacating a judgment after the 30 day period within which the court has discretionary power, which would be a final and appealable order. Tinkoff v. Wharton, 344 Ill App 40, 99 NE2d 915; Rembert v. Irving, 9 Ill App2d 560, 133 NE2d 744 (Abst.).

The appeal is dismissed.

Appeal dismissed.

FRIEND, P. J. and BURKE, J., concur.