The People of the State of Illinois, Plaintiff-Appellee, *v.* Odie Cribbs, Defendant-Appellant.

(No. 55938; )

First District—November 20, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Ronald F. Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

Following a bench trial Odie Cribbs was found guilty of the offense of burglary. (Ill. Rev. Stat. 1969, ch. 38, par. 19—1.) Judgment was entered on the finding and he was sentenced to a term of not less than three nor more than ten years in the Illinois State Penitentiary. On appeal he contends:

 (1) that there exists a fatal variance between a material allegation of the indictment and the evidence adduced at trial;

 (2) that the denial of his motion to suppress certain evidence was erroneous; and

 (3) that the evidence was insufficient to establish his guilt.

The evidence presented by the State established that at approximately 10:00 P.M. on the evening of February 12, 1970, Sergeant Peter Sanders and Officer William Fioretti of the Riverdale Police Department were on patrol in a marked squad car. They had been instructed to include within their patrol an industrial area located in the vicinity of 130th and Halsted Streets, as a burglary had recently been committed in that area. As the officers' car entered an unpaved access road leading to that area, they observed two men at the side of a building occupied by Atherton Foundry Products, Inc. When the men saw the car approach they fled, each in a different direction. The officers pursued the subjects on foot.

The individual pursued by Sergeant Sanders, later identified as the defendant, ran down a stairwell and into a dead end passageway. He at first ignored the officer's orders to come out and then, when apparently complying, again attempted to flee. He was apprehended and placed in the rear seat of the squad car with the other subject, later found to be defendant's brother, who had been apprehended by Officer Fioretti.

After questioning the subjects concerning the reason for their presence in the area, the officers circled around the Atherton Foundry building. They discovered that the rear doors were open and that a U-Haul rental truck had been parked within ten feet of the doors. Otis Atherton, one of the two stockholders of the corporation was called to the scene and identified certain metal ingots and casting gates found in the rental truck as the property of the corporation. He estimated the value of these articles at $2,000.

Mr. Atherton also testified that he viewed the defendant in the squad car at the foundry on the evening in question and at that time recognized him as an individual who had been at the foundry that afternoon inquiring about possible employment. At that time defendant had not come to the office, but was intercepted by Atherton as he made his way toward the shop area.

Defendant and his brother, who is not involved in this appeal, were transported to the Riverdale Police Station where they were advised of their rights and searched. During the course of the search of his person defendant removed his boots. As he did so a rental contract for a truck bearing the same numbers as that discovered at the rear of the foundry fell to the floor. The contract bore a name other than that of the defendant or his brother.

Other evidence presented by the State consisted of testimony regarding comparisons made between dust and particle samples taken from in and about the Atherton Foundry and similar particles found to be present on defendant's shoes and pants. This evidence, which created some degree of confusion at trial, need not be detailed here, as we deem it unnecessary to a determination of the issues raised in this appeal.

Defendant first argues that the judgment must be reversed due to a fatal variance between the allegation of the indictment with respect to the ownership of the premises and the evidence adduced at trial. The indictment charged defendant with burglary of the premises of "Atherton Foundry Products, Inc., a corporation." At trial Mr. Otis Atherton testified that he was an owner and the operator of a foundry located at 13000 Halsted Street, which foundry was organized as a corporation. The prosecutor then requested and received a stipulation "as to the corporate entity." Defendant urges that the testimony of Mr. Atherton was insufficient to establish the existence of the entity alleged in the indictment to be the owner of the premises in question, and that the variance between the corporate entity named in the indictment and specified by the prosecutor at the time of the stipulation, "Atherton Foundry, a corporation," is fatal.

■■ The purpose of an indictment is threefold: first, to inform the accused of the nature of the charge and enable him to prepare his defense; second, to identify the property alleged to have been wrongfully entered as that of one other than the accused; and finally, to so identify the offense as to afford the accused protection from the danger of double jeopardy. (See *People v. Collins* (1970), 123 Ill.App.2d 138, 260 N.E.2d 30; *People v. Ogden* (1970), 123 Ill.App.2d 46, 259 N.E.2d 361.) We find these purposes to have been satisfied in the instant case. Neither does

the record indicate nor does defendant argue that he was in any manner thwarted in the preparation or presentation of his defense as a result of the variance. The evidence and stipulation were sufficient to establish that the premises located at 13000 Halsted Street were those of one other than the accused. Finally, the record, taken as a whole, sufficiently identifies the crime to preclude the possibility of defendant again being placed in jeopardy for its commission. When taken in context, the stipulation entered into by counsel can only be construed to be a stipulation as to the existence of the corporate entity as alleged in the indictment and to establish its ownership of the premises in question. We conclude that such variance as does exist is not fatal to the judgment. *People v. Palmer* (1972), 4 Ill.App.3d 309, 280 N.E.2d 754.

■■ It is next argued that the truck rental contract recovered during the course of a search of defendant's person at the police station should have been suppressed since the arrest pursuant to which the search was made was without probable cause. We cannot accept this argument. Defendant was observed by police officers in an industrial area during the late evening hours, long after the business concern had been closed for the day, and when he observed the approach of the officers' vehicle he attempted to flee. We believe these facts alone established probable cause for arrest. There are however, additional considerations which dictate a finding of probable cause.

■■ At a minimum, defendant's presence at the time and place in question, coupled with his attempt to flee was sufficient cause for the officers to detain him pursuant to the provisions of Ill. Rev. Stat. 1969, ch. 38, par. 107—14. We believe the reasonable scope of that statute, permitting detention for the purpose of questioning, also permits, under circumstances such as those present here, the detention to continue for a short period of time to enable the officers to compare the answers given by the detainee with the condition of the area in which he was discovered. When that comparison was made in the instant case the officers became aware of the entry which had been effected and the presence of the rental truck containing merchandise of the type expected to be found in an industrial concern. This knowledge, coupled with defendant's presence and his attempt at flight established probable cause for arrest beyond argument. Thus we conclude that the search subsequently made at the police station was made pursuant to a valid arrest.

■■ In support of his final contention, that he was not proven guilty beyond a reasonable doubt, defendant argues that there is no evidence that either he or someone with whom he acted in concert entered the Atherton Foundry premises. This argument ignores the evidence con-

cerning his possession of a rental contract for the truck found at the rear of the premises containing property removed from the foundry. We find this evidence, taken together with his presence and attempt at flight, sufficient to connect defendant with the defense. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.