THOMAS CHIRIKOS, Plaintiff-Appellant, *v.* GEORGE S. AKATHIOTIS *et al.,* Defendants-Appellees.

(No. 56100; ▮▮▮▮▮▮▮▮▮▮

First District—November 30, 1972.

Robert B. Cook, of Chicago, for appellant.

Gerald S. Karwoski, of Chicago Heights, (Edwin A. Strugala, of counsel,) for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from a decree of the Chancery Division of the circuit court of Cook County which determined the various interests of the parties in a parcel of real estate located in Cook County. After a full hearing the decree entered by the trial judge found that the plaintiff had an interest in the property, but it conditioned his right to obtain a fee simple interest therein upon his agreement to assume the existing mortgage indebtedness that encumbered the property and to reimburse the defendants for money spent by them in connection with the property.

The record indicates that the plaintiff did not satisfy these conditions in the time prescribed in the decree, and the trial judge conducted a judicial sale at which the defendants purchased the property thereby extinguishing any interest the plaintiff had in the real estate. In this appeal the plaintiff contests the decree and order entered by the trial judge and presents two grounds upon which he alleges the judgment should be reversed. The plaintiff argues that he should not be compelled to reimburse the defendants for money spent by them in connection with the property because these expenditures represent the wrongful exercise of ownership by them; and, in the alternative, that the defendants should be compelled to pay to him the reasonable value of the property at the time they acquired it. In turn, the defendants argue that the decree of the trial judge was a just and equitable settlement of the dispute and should be upheld.

We affirm.

In 1961 the real estate in question, commonly known as 346-48 East 115th Street, Chicago, Illinois, was held in a land trust, and the plaintiff was the owner of the beneficial interest of that trust. In September of that year the plaintiff became in need of some money in order to satisfy his business creditors and to prevent the foreclosure of the mortgage then existing on the property in question. Plaintiff found that he could not, on his own signature, obtain a mortgage on the real estate in question and requested that his daughter and son-in-law, defendants George and Cleo Akathiotis, sign as guarantors of the indebtedness in the sum of $20,000. They agreed.

On September 17, 1961, plaintiff directed that the title to the real estate be conveyed by the trustee to Mr. and Mrs. Akathiotis. The following day Mr. and Mrs. Akathiotis executed a note in the sum of $20,000 secured by a trust deed on the property to Pullman Trust and Savings Bank. Pullman paid the entire proceeds of the $20,000 loan to creditors of the plaintiff. Mr. and Mrs. Akathiotis received none of the loan proceeds. Further, plaintiff made no payments on the indebtedness due Pullman.

In October, 1962, a second conveyance took place in which Mr. and Mrs. Akathiotis conveyed their interest in the real estate to the First National Bank of Chicago Heights as trustee. The defendants George and Stella Spanos, a second daughter and son-in-law of the plaintiff, were the owners of the beneficial interest of this trust. In consideration for this conveyance Mr. and Mrs. Spanos paid to Mr. and Mrs. Akathiotis $2000 and agreed to assume the existing mortgage indebtedness. The findings in the decree of the trial court state that this conveyance to

Mr. and Mrs. Spanos was made with the knowledge and consent of the plaintiff.

Mr. and Mrs. Spanos considered the property to be their own, and in 1965 they refinanced the first mortgage held by Pullman Trust and Savings Bank by making a new mortgage in the sum of $22,500. The decree further recites that from and after the conveyance of the property to them in October, 1962, they received income from the real estate in the sum of $37,365 and received, by virtue of the refinancing, the sum of $8892.71. The defendants expended the sum of $63,743.72 on the property for various items such as insurance, taxes, repairs, maintenance and improvements. At the time of trial the defendants had expended on the premises $17,486.01 more than they had received as income from the property.

In November, 1966, the plaintiff sued for an accounting and other equitable relief. On March 19, 1971, the judge entered his decree in which he found that the plaintiff had an interest in the real estate. The decree further found that plaintiff's interest was subject to the existing mortgage indebtedness in the amount of $16,463.91 and subject to the claim for money spent by the defendants Mr. and Mrs. Spanos in the sum of $17,486.01. The decree ordered that if within 30 days the plaintiff paid the defendants the amount of their claim and agreed to assume the mortgage, Mr. and Mrs. Spanos would convey the real estate to him. The record indicates that the plaintiff took no action within 30 days, and a judicial sale was held at which time Mr. and Mrs. Spanos were allowed to bid on the property in the amount of $33,949.92 (the amount of the existing mortgage plus their claim for monies spent) without the payment of any funds therefor. The sale was held, and Mr. and Mrs. Spanos being the only bidders, the property was sold to them.

On June 4, 1971, the trial judge entered an order finding the title to the real estate to be vested in a trust, the beneficial owners of which were Mr. and Mrs. Spanos. The order also stated that they held title to the property free and clear of any right, title or interest of the plaintiff.

In this appeal the plaintiff contests only that part of the decree that relates to the defendants, George and Stella Spanos, and does not contest that part of the decree that found that the equities of the cause rested with the defendants George and Cleo Akathiotis and against the plaintiff. First, the plaintiff argues that Mr. and Mrs. Spanos were mere mortgagees in possession and as such had less than rights of ownership, and, therefore, the plaintiff should not be compelled to pay the cost of their wrongful exercise of ownership. This argument of the plaintiff is based solely on his conclusion that in granting the plaintiff the right to reacquire fee

simple title in the real estate, the trial court, in effect, held that Mr. and Mrs. Spanos were mortgagees and as such wrongfully exercised ownership of the property. This assumption does not arise from any statement contained in the decree. The trial judge found that plaintiff had an "interest" in the real estate but did not specify the nature of the interest.

Plaintiff's second argument is that since Mr. and Mrs. Spanos regarded the conveyance of the property to them as a sale and asserted rights of ownership, they should pay to the plaintiff the reasonable value of the property as of the date they acquired the beneficial interest. The findings in the decree entered by the trial court state that Mr. and Mrs. Spanos regarded the conveyance of the property to them as a sale, but this theory appears to be raised for the first time by the plaintiffs in this appeal. We find no merit in this contention as we shall point out below.

■■ It has been frequently held that the general rule in equity cases is that great weight should be attached to the findings of the chancellor, and that they will not be reversed unless clearly against the weight of the evidence. (*Geis v. Rohrer* (1957), 12 Ill.2d 133, 145 N.E.2d 596; *Sohio Corp. v. Gudder* (1941), 375 Ill. 622, 32 N.E.2d 148.) Where the decree appears just and equitable, and no error of law appears, it will not be set aside on appeal. *Philipopoulos v. Papantonis* (1911), 161 Ill.App. 298.

The findings of fact made by the trial court indicate that the plaintiff received the sole benefit of the first mortgage transaction in September, 1961. The money received in return for the mortgage on the property was paid to plaintiff's creditors and removed him from admitted financial difficulties, and he made no payments on this indebtedness. The findings also indicate that Mr. and Mrs. Spanos did not act in bad faith or act unfairly with the plaintiff or waste, damage or impair his interest in the property. In fact, the defendants spent considerable sums of money in order to protect and preserve the real estate. In view of these facts, it is not unjust to require the plaintiff to assume the existing mortgage and reimburse the defendants for the money they spent on the property in exchange for allowing the plaintiff to regain his fee simple interest in the real estate.

■■ The trial court, having considered the proofs, oral, documentary and written, taken and filed in this case made certain findings of fact and law the substance of which we have set out *supra*. A review of these findings set out in the decree convinces us that the decision of the trial court is a just and equitable settlement of this cause.

■■ The plaintiff, in compiling the record on appeal, elected not to include a Report of Proceedings thereby preventing our review of any facts other than those contained in the decree. Upon appeal all reason-

able presumptions are in favor of the action of the trial court, and the burden is on the appellant to overcome such presumptions by affirmatively showing the errors charged. (*Husted v. Thompson-Hayward Chemical Co.* (1965), 62 Ill.App.2d 287, 210 N.E.2d 614.) The lack of a Report of Proceedings makes it impossible for us to go behind the decree of the trial judge in search of facts that may sustain the plaintiff's arguments.

The decision of the trial judge was not clearly against the weight of the evidence, and therefore the judgment is affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.