*In re* ALEXIS CAJIGAS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ALEXIS CAJIGAS, Respondent-Appellant.)

First District (3rd Division)   No. 62081

Opinion filed June 17, 1976.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, and Mary Ann Wilson, Law Student, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On October 12, 1974, a petition for adjudication of delinquency and wardship was filed against the minor-respondent, Alexis Cajigas, in the

juvenile division of the circuit court of Cook County. The petition charged that he had committed the offense of armed robbery. On October 12, 1974, respondent admitted to the petition. On October 24, the court adjudged respondent delinquent and ordered him committed to the Department of Corrections. On appeal respondent contends that the court had no jurisdiction to commit him to the Department because it had failed to adjudge him to be a ward of the court.

The written commitment order, signed by the judge, was a standard form and contains the following paragraph:

"The court considered the evidence and finds: it has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent; all statutory prerequisites have been complied with; placement under §§5-7 of the Juvenile Court Act will not serve the best interest of the minor and the public; the parent, guardian or legal custodian is unfit, unable or unwilling to care for, protect, train or discipline the minor."

The respondent maintains that section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) requires that there be an explicit adjudication that a minor be made a ward of the court before the court has jurisdiction to commit that minor to the Department of Corrections. In its brief the State urges that, while there was no explicit adjudication of wardship, the language contained in the commitment order that "all statutory prerequisites have been complied with," shows that the court did in fact implicitly adjudge the respondent a ward of the court.

This court recently has considered the precise issue presented in the present case: whether the circuit court has jurisdiction to enter a dispositional order absent an adjudication that the minor is a ward of the court. (*In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457.) In both cases, we held that the trial court must make an explicit adjudication that the minor is a ward of the court before the court has the authority to enter a dispositional order. We consider that holding to be dispositive of the issue in the present case.

In *Barr* and *Ross*, this court remanded the matters with directions that the trial court decide whether there was an adjudication that it was in the best interests of the minor and of the public that the minor be adjudged a ward of the court and, depending on that determination, to take certain actions.

Therefore, the order of the circuit court of Cook County committing the respondent to the Department of Corrections is reversed, and the cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the respondent and public that the respondent be adjudged a ward of the court and that he be committed to the Department of Corrections. If the court finds that there

was an adjudication of wardship, the order committing respondent shall stand. If it be determined that no adjudication of wardship was made, the court shall decide whether such an adjudication is in order. If the trial court finds that the respondent has not been and should not be adjudged a ward of the court, the petition shall be dismissed and the minor discharged.

Order reversed and cause remanded with directions.

DEMPSEY and McGLOON, JJ., concur.