*In re* RONNIE L. THOMAS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* RONNIE L. THOMAS, Respondent-Appellant.)

First District (3rd Division)   No. 61848

Opinion filed July 29, 1976.[1]

---

[1] The opinion filed April 1, 1976, which was published at this location in the advance sheet, was withdrawn by order of court and replaced by this opinion.

James J. Doherty, Public Defender, of Chicago (Roberta K. Cole and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Respondent, Ronnie L. Thomas, a juvenile, appeared before the circuit court of Cook County, juvenile division, on October 2, 1973, and admitted to the allegations of a petition charging him with theft. On October 29, 1973, he was found to be delinquent and placed on six months probation. On June 10, 1974, respondent was found to have violated his probation by committing a burglary. On September 4, 1974, respondent admitted to the allegations of a supplemental petition charging him with again violating his probation by the commission of a robbery. The court found that respondent violated his probation and, on September 8, entered an order committing respondent to the Department of Corrections. Respondent contends on appeal that the court was without jurisdiction to commit him to the Department of Corrections because he was never adjudged a ward of the court. A report of the proceedings conducted on October 29, 1973, previously omitted, has been furnished to this court.

Respondent maintains that section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) requires that there be an explicit finding that a minor be made a ward of the court before it has the jurisdiction to commit him. Respondent's position has been supported by recent holdings of this court. *People v. Cajigas* (1976), 39 Ill. App. 3d 600; *In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517.

Therefore, the order of the circuit court of Cook County committing the respondent to the Department of Corrections is reversed, and the cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the respondent and the public that the respondent be adjudged a ward of the court and that he be committed to the Department of Corrections. If the court finds that there was an adjudication of wardship, the order committing respondent

shall stand. If it be determined that no adjudication of wardship was made, the court shall decide whether such an adjudication is in order. If the trial court finds that the respondent has not been and should not be adjudged a ward of the court, the petition shall be dismissed and the respondent discharged.

Order reversed and cause remanded with directions.

MEJDA, P. J., and McGLOON, J., concur.