DEBORAH ANN COGDILL, Plaintiff-Appellant, *v.* TERRY DURHAM, Defendant-Appellee.

Fifth District No. 75-524

Opinion filed October 29, 1976.—Rehearing denied December 27, 1976.

Hill and Caldwell, of Benton, and Sam C. Mitchell, of West Frankfort, for appellant.

Mitchell and Schoen, of Carbondale, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Franklin County. Plaintiff brought an action for personal injury against the defendant, Terry Durham, driver of the vehicle in which she was a passenger. Plaintiff was a guest in defendant's auto, within the meaning of the Illinois guest statute then in effect. (Ill. Rev. Stat. 1971, ch. 95½, par. 10—201.) Under the guest statute plaintiff was required to plead and prove that defendant was guilty of willful and wanton misconduct in order to recover. The verdict of the jury in the lower court was for the defendant. Judgment was entered accordingly and plaintiff appeals.

On September 19, 1971, plaintiff, Deborah Cogdill, was a passenger in an auto being driven by defendant. Defendant was driving on a two-lane blacktop at night when he failed to negotiate a sharp curve and his auto left the road surface. The car skidded, hit a railroad track and stopped. Plaintiff struck the windshield, breaking it, and cut her head. Defendant was ticketed for driving too fast for conditions.

Plaintiff subsequently brought this suit, alleging that the accident was caused by defendant's willful and wanton misconduct, and that such conduct was the proximate cause of a series of flareups of her previously controlled seizure disorder.

On the morning of the trial, defendant's counsel made an oral motion *in limine* to suppress evidence regarding defendant's guilty plea to the traffic ticket he received on the night of the accident. The motion was made on the basis that defendant's father had voluntarily pled guilty for the defendant and paid the fine without defendant's consent. The

motion was granted by the court and plaintiff's counsel was instructed not to introduce evidence concerning the ticket.

Testimony concerning the accident was given by defendant, plaintiff, and another passenger in the car, Linda Burns.

Defendant testified that the road was in good condition, that he had good visibility and that his car was in good working order. He stated that he had mistaken a driveway leading off of the road for part of the roadway and that he was approximately 25-30 yards from the driveway when he recognized that the road curved to the left. He then applied his brakes and left the surface. He estimated his speed to be 40 miles per hour.

Plaintiff testified that defendant did not apply his brakes until after he had chuckled and said "hold on!" The car then skidded off the road.

Linda Burns stated that she told the defendant of the curve ahead where the accident occurred. She also stated that before applying his brakes, the defendant had chuckled and said "hold on!" She estimated the speed of the auto as it approached the curve to be approximately 40-50 m.p.h.

The plaintiff-appellant urges on appeal that the trial court erred in granting defendant's motion *in limine* to exclude evidence of the traffic citation. Plaintiff also contends that her trial was prejudiced by defendant's closing argument. She contends that defendant improperly asked the jury to place themselves into the place of defendant and that defendant improperly read to the jury certain medical testimony.

■■ Plaintiff, in compiling the record on appeal, elected not to include that portion of the Report of Proceedings covering the closing arguments. The record shows that this portion was recorded by the court reporter but was "not ordered for this transcript." On appeal all reasonable presumptions are in favor of the action of the trial court and the burden is on the appellant to affirmatively show the errors charged. (*Chirikos v. Akathiotis*, 9 Ill. App. 3d 191, 292 N.E.2d 120.) Plaintiff's failure to include this portion of the Report of Proceedings makes it impossible for us to review the issues raised. The unsupported statements in plaintiff's brief cannot supplement the record before us. *City of Darien v. Dublinski*, 16 Ill. App. 3d 140, 304 N.E.2d 769.

■■ Plaintiff argues that by granting the motion *in limine* to suppress evidence concerning the traffic citation the court committed error to her manifest prejudice. This court unanimously agrees the guilty plea of defendant-appellee was improperly excluded from the evidence. A plea of guilty to a traffic citation is admissible in a civil action and the explanation of the circumstances under which the record was made is for the jury's consideration. *Barnes v. Croston*, 108 Ill. App. 2d 182, 247 N.E.2d 1.

■■ The author considers that in view of the undisputed testimony including that of defendant and the question of whether defendant's conduct was willful and wanton being presented to the jury by plaintiff's special interrogatory, and their answer in the negative, the exclusion was not prejudicial; however, a majority of the court feel that the exclusion of the evidence was prejudicial and necessitates that the judgment for defendant be reversed and plaintiff awarded a new trial.

We therefore reverse the judgment of the circuit court of Franklin County, and remand this case for a new trial.

KARNS, P. J., and G. J. MORAN, J., concur.