In re GREGORY L. DUFFY, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. GREGORY L. DUFFY, Respondent-Appellant.)

First District (4th Division) No. 62772

Opinion filed December 8, 1976.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:
The respondent appeals from a judgment of the Circuit Court of Cook

County finding him to be delinquent as the result of having committed a burglary and committing him to the Department of Corrections.

The issue on appeal is whether the court failed to adjudge the minor a ward of the court.

On February 14, 1975, a petition for wardship was filed alleging that Gregory L. Duffy, a minor, was delinquent in that he committed the offense of burglary. At the adjudicatory hearing on April 23, 1975, the respondent testified that on December 19, 1974, while walking home from a party, he noticed some boys coming out of a store carrying a record player and other things. He admitted joining the boys in taking merchandise. The court then found him to be delinquent, but made no adjudication of wardship.

At the dispositional hearing on May 5, 1975, the court was presented with the respondent's record by his probation officer and with a history of his residences and activities by the Department of Children and Family Services. The court then entered the following dispositional order:

"The court considered the evidence and finds: it has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent, all statutory prerequisites have been complied with; placement under Section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public; the parent, guardian, or legal custodian is unfit, unable or unwilling to care for, protect, train or discipline the minor. It is ordered:

1. The minor, Gregory Duffy, is committed to the Department of Corrections * * *."

The respondent argues the court was without jurisdiction to enter a dispositional order because there was no explicit adjudication of wardship as required by the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 *et seq.*).

A minor is to be adjudged a delinquent if he is found to have violated or attempted to violate any Federal or State law or municipal ordinance (Ill. Rev. Stat. 1973, ch. 37, par. 702—2), but he shall not be made a ward of the court unless it is also found to be "in the best interests of the minor and the public" (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(2)). If the court finds the best interests of the minor and the public will not be served by adjudging him a ward of the court, "the court shall order the petition dismissed and the minor discharged from any detention or restriction previously ordered * * *." Ill. Rev. Stat. 1973, ch. 37, par. 704—8(1).

Therefore, as stated in the case of *In re Barr* (1976), 37 Ill. App. 3d 10, before proceeding to a dispositional hearing the court must determine: (1) whether the minor is delinquent, and (2) whether he should be made a ward of the court. That both these determinations must be made before

proceeding to the dispositional hearing is emphasized by the language of section 5—1 of the Act (Ill. Rev. Stat. 1973, par. 705—1(1)), which states: "*After adjudging the minor a ward of the court,* the court shall hear evidence on the question of the proper disposition best serving the interests of the minor and the public." (Emphasis added.)

In this case the State maintains the finding by the court that "placement under Section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public" constituted a recognition of the elements of wardship and is sufficient to provide the court with jurisdiction to enter a dispositional order. In the case of *In re Barr* the court held that the Act requires an explicit statement that the minor be made a ward of the court before the entry of a dispositional order regarding the minor, and the phrase, "all statutory prerequisites have been complied with" contained in the standard form dispositional order does not constitute an explicit adjudication of wardship. Similar results have been reached in the cases of *In re Jennings* (1975), 32 Ill. App. 3d 857, and *In re Cajigas* (1976), 39 Ill. App. 3d 600, 351 N.E.2d 610.

Accordingly, the cause is remanded with directions the court determine whether there was an adjudication that it was in the best interests of the respondent and the public the respondent be adjudged a ward of the court and he be committed to the Department of Corrections. If the court finds there was an adjudication of wardship, the order committing the respondent shall stand. If it be determined no adjudication of wardship was made, the court shall decide whether such an adjudication is in order. If the trial court finds the respondent has not been and should not be adjudged a ward of the court, the petition shall be dismissed and the minor discharged.

Order reversed and cause remanded with directions.

JOHNSON, P. J., and GOLDBERG, J., concur.