*In re* ELLIOTT KING, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ELLIOTT KING, Respondent-Appellant.)

First District (4th Division)   No. 76-92

Opinion filed January 13, 1977.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and John J. Murphy, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

In a petition filed in the juvenile division of the circuit court of Cook County, the minor-respondent, Elliott King, was charged with the offense of burglary. At a hearing held on December 18, 1974, respondent admitted to the charge and the court adjudged him delinquent. He was placed on six months probation. A petition for supplemental relief was subsequently filed, charging respondent with violating his probation by committing another burglary. At a hearing held May 7, 1975, the court found that respondent had violated his probation. Respondent's probation was revoked and the court ordered him committed to the Department of Corrections.

On appeal, two contentions are advanced by respondent: (1) that the trial court lacked jurisdiction to revoke his probation and commit him since it never explicitly adjudged him a ward of the court as required by the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 701 *et seq.*) and (2) that at the hearing on the violation of probation, the State failed to prove him guilty of burglary by a preponderance of the evidence.

■■ At the outset, we note that the State agrees with respondent that the cause must be remanded since the trial court failed to enter an explicit adjudication of wardship prior to initially placing the respondent on probation. We concur.

It has repeatedly been held that section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) requires that the trial court make an explicit adjudication of wardship before entering a dispositional order regarding a minor. *In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Davis* (1976), 44 Ill. App. 3d 970, 358 N.E.2d 1233; *In re Duffy* (1976), 44 Ill. App. 3d 799, 358 N.E.2d 1170; *In re Cajigas* (1976), 39 Ill. App. 3d 600, 351 N.E.2d 610. 600, 351 N.E.2d 610.

We consider *In re Ross* to be determinative of the issue of wardship. *Ross* involved an appeal from an order revoking the probation of a minor who had not been explicitly adjudged a ward of the court prior to his placement on probation. In *Ross*, the court remanded with directions that the trial court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court and, depending on that determination, to take certain actions. The court in *Ross* also addressed itself to the issue of whether the order revoking the respondent's probation was supported by the evidence and found that it was not.

As in *Ross*, the resolution concerning the adjudication of wardship is not fully dispositive of the instant case. Upon remand, the trial court may enter an explicit order that there had been a finding of wardship or, on further hearing, the court may find that an adjudication of wardship is appropriate. The issue of whether the respondent's probation was properly revoked would then have to be determined. Thus, we must address ourselves to the question of whether the evidence adduced at trial was sufficient to support the finding that respondent violated his probation.

At the hearing on the supplemental petition, Booker T. Jones testified that he resided on the first floor of an apartment building at 5433 South Indiana. At approximately 3 a.m. on March 1, 1975, he went to his living room window after hearing several noises. He looked out onto the street and observed two young men whom he recognized as respondent and Christopher Weatherly coming out of the building. Weatherly was carrying a closed box. Respondent came out of the building first, looked south and said, "Wait a minute. There's a man over there." A moment later, respondent said, "Okay." Jones further testified that there was a squad car parked nearby. The two youths then walked north with the box. Several days later, Jones, accompanied by Robert Smith, a co-resident whose apartment had been burglarized, observed the same box a short distance from their apartment building. They opened the box and found several items taken from Smith's apartment.

Officer Frank Edwards of the Chicago Police Department testified that, after speaking with Jones and Weatherly, he went to the respondent's

home. In the presence of another officer and respondent's mother, the respondent stated that on the night in question he was in Weatherly's apartment when Weatherly came out of the bathroom carrying a box containing "weights." Respondent related to Edwards that he and Weatherly left the building and proceeded north. Weatherly then threw the box over a fence into a small area between two buildings. Respondent claimed that he did not know what was in the box.

Section 705—3 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—3) provides that at a revocation of probation hearing, "* * * the State shall have the burden of going forward with the evidence and proving the violation by a preponderance of the evidence." The respondent contends that the violation of probation was not proven by a preponderance of the evidence since his accountability for the burglary was not established.

Section 5—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 5—1) provides:

> "A person is legally accountable for the conduct of another when:
>
> * * *
>
> (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

The respondent argues that he was never present in the burglarized premises and that it was more probable than not that the burglary was already completed by the time he assisted Weatherly. Therefore, defendant urges that his accountability cannot be established because he was not a participant "before or during" the commission of the offense.

■■ While it is true that "[a] person cannot be held accountable as a principal for actions occurring after the offense" (*People v. Owens* (1975), 32 Ill. App. 3d 893, 896, 337 N.E.2d 60, 62), we believe that the trial court properly considered the evidence pertaining to this issue and its finding that respondent participated in the commission of the offense will not be disturbed. The evidence adduced at the hearing discloses that the respondent accompanied another youth at 3 a.m., kept a lookout while the other youth carried a box later found to contain stolen goods, and watched while it was thrown over a fence into an alcove between two buildings. The only evidence to support respondent's contention that he was not present in the burglarized apartment was respondent's own statement to the police officer.

■■■ It is not necessary that the State produce direct evidence that the accused entered the burglarized premises to hold him accountable for burglary. (See *People v. Cribbs* (1972), 8 Ill. App. 3d 750, 291 N.E.2d

326.) The Illinois Supreme Court has noted that in reviewing a probation revocation proceeding, "the finding of a violation of probation will not be disturbed simply because of a conflict in evidence. The trial judge who heard the evidence was in a better position to weigh the testimony of the witnesses than is a reviewing court, and we will substitute our judgment for that of the trial court only when the testimony is contrary to the manifest weight of the evidence and not where the evidence is merely conflicting. [Citation.]" *People v. Crowell* (1973), 53 Ill. 2d 447, 451-452, 292 N.E.2d 721, 723.

Taking the evidence as a whole, we conclude that the State has sufficiently linked the respondent with the crime and that the evidence is sufficient to establish respondent's accountability for burglary. However, we remand this cause with directions that the court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court and placed on probation. If it is determined that there was an adjudication of wardship, then the order placing the minor on probation and all subsequent orders, including the order of commitment, shall stand; if it is determined that there was no adjudication of wardship, then the court shall decide whether such an adjudication is appropriate. If the court determines an adjudication is appropriate and if it finds an order of wardship should be entered, it shall do so and enter such dispositional order as is suitable and proper, and in conformity with the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 701 *et seq.*). If the court finds that the minor should not be adjudged a ward of the court, then the petitions shall be dismissed and the minor discharged. (See *In re Thomas* (1976), 37 Ill. App. 3d 788, 353 N.E.2d 249.) The court shall enter its findings of record.

Affirmed in part; remanded with directions.

DIERINGER, P. J., and JOHNSON, J., concur.