*In re* KENNETH LEE SHANNON, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* KENNETH LEE SHANNON, Respondent-Appellant.)

First District (5th Division)    No. 62885

Opinion filed January 28, 1977.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Renee G. Goldfarb, and Jerome A. Saxon, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order revoking respondent's probation and committing him to the Department of Corrections. He contends that the commitment was improper because he had not been adjudged a ward of the court.

On November 7, 1974, respondent, then 16 years of age, was brought before the court on a petition for adjudication of wardship, which alleged that he had committed a burglary. He entered an admission to the charge and, thereafter, was found delinquent and placed on two years probation.

The briefs of both parties indicate that three supplemental petitions were filed, but the record discloses only two—each alleging a violation of probation because of the commission of a burglary. After a hearing on these petitions, the court found respondent had violated his probation and the commitment order was entered.

OPINION

■■ It is well settled that an explicit adjudication of wardship is required before the court may enter a dispositional order regarding the

minor. *In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Jennings* (1975), 32 Ill. App. 3d 857, 336 N.E.2d 786; *In re Cajigas* (1976), 39 Ill. App. 3d 600, 351 N.E.2d 610; *In re Duffy* (1976), 44 Ill. App. 3d 799, 358 N.E.2d 1170.

While respondent contends that no expressed adjudication of wardship was made, the State initially argues that it is inherent in the dispositional order which, in relevant part, states as follows:

"The court considered the evidence and finds: it has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent; all statutory prerequisites have been complied with; *placement under Section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public*; the parent, guardian, or legal custodian is unfit, unable, or unwilling to care for, protect, train or discipline the minor.

It is ordered:

1. The minor, Kenneth Lee Shannan, is committed to the Department of Corrections * * *." (Emphasis added.)

It is the State's position that an adjudication of wardship is no more than a finding that the best interests of the minor and the public are served by submitting the minor to the dispositional powers of the court. It points to the italicized portion of the order and argues that since placement under section 5—7 is one of the dispositions authorized and because the court applied the standard of "the best interests of the minor and the public," that this was tantamount to a finding of wardship in compliance with sections 1—18 and 4—8(2) of the Juvenile Court Act (the Act). Ill. Rev. Stat. 1973, ch. 37, pars. 701—18, 704—8(2).

We believe this contention is without merit. Section 1—18 and 4—8(2) of the Act specifically require an adjudication of wardship, and this is clearly absent from the dispositional order—the italicized language of which refers not to wardship but to placement. See *In re Duffy*.

■■ So, also, is there no merit to the State's contention that if we hold there was no adjudication of wardship, there would remain only an order finding delinquency—which it argues was not appealable. A dispositional order revoking probation and committing to the Department of Corrections is a final appealable order. *In re Ross*; Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(g). See also Ill. Rev. Stat. 1975, ch. 110A, par. 662(b).

The State also posits a presumption that the judgment appealed from is correct because respondent failed to include in the record the transcripts of the original hearings at which he was placed on probation. To this we agree.

The party who brings a cause to a reviewing court must present a record which fairly and fully presents all matters necessary and material for a decision of the questions raised. (*Interstate Printing Co. v. Callahan*

(1974), 18 Ill. App. 3d 930, 310 N.E.2d 786.) Where the record is incomplete, the reviewing court will presume any state of facts embraced by the pleadings and not inconsistent with the record which will sustain and support the decision complained of. 2 Ill. L. & Prac. *Appeal and Error* §716 (1953); *Cole v. Cole* (1967), 85 Ill. App. 2d 105, 229 N.E.2d 293; *People v. Zimmerman* (1965), 57 Ill. App. 2d 190, 206 N.E.2d 741. See *Chirikos v. Akathiotis* (1972), 9 Ill. App. 3d 191, 292 N.E.2d 120.

■■■ In the instant case, if there had been an explicit adjudication of wardship, it would have been entered at one of the initial hearings. Under the circumstances here, in the absence of transcripts of those proceedings, we hold a presumption arises that wardship was adjudicated. This holding is not inconsistent with the record, as there was a petition filed to adjudicate wardship and, although the record does not disclose any action on said petition, it may be inferred from the fact that the court later made a finding of delinquency and ordered the commitment of respondent. Such action strongly suggests that a finding of wardship had in fact been entered. We do not believe that such a presumption is rebutted by the fact that the half-sheet, a document on which trial court entries were made, does not indicate an adjudication since the half-sheet is not a court record but merely a memorandum of proceedings. (*McKee v. Standard Cartage Co.* (1962), 34 Ill. App. 2d 151, 180 N.E.2d 739; *Tinkoff v. Wharton* (1951), 344 Ill. App. 40, 99 N.E.2d 915.) Rule 0.3(b) of the Circuit Court of Cook County provides that the court may "* * *prescribe that a half-sheet, a memorandum of papers filed, proceedings, orders and judgments, shall be kept by the Clerk in such cases as may be directed." Counsel have pointed out no rule or order prescribing the half-sheet to be kept by the clerk as an additional record of the court, and we have found none.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.