*In re* DONALD WHEELER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DONALD WHEELER, Respondent-Appellant.)

First District (1st Division)   No. 76-417

Opinion filed June 20, 1977.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James S. Veldman, and Louis R. Schroeder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On June 30, 1975, the respondent minor, Donald Wheeler, was found to be in violation of the terms of his probation. After several hearings, the trial court ordered the respondent committed to the House of Correction and from this order of disposition the respondent now appeals.

Respondent presents the following two issues for review: (1) whether certain remarks of the prosecutor at the dispositional hearing unduly prejudiced him; and (2) whether the court had jurisdiction over the respondent where there was no adjudication of wardship.

We reverse and remand.

On April 17, 1975, the State filed a petition for an adjudication of wardship alleging that the respondent minor, Donald Wheeler, had committed the offense of burglary on March 21, 1975. On April 28, 1975, a detention hearing was held on that petition. At this hearing, the charge

was reduced to criminal trespass and the cause was continued. At the next hearing on May 26, 1975, the respondent entered an admission to that lesser offense, and the trial court ordered that respondent be placed on 6 months probation. On June 13, 1975, the State filed a petition for supplemental relief which alleged that on June 12, 1975, the respondent had committed the offense of burglary. On June 30, 1975, the lower court found respondent to be in violation of the terms of his probation and continued the cause for a social investigation. At the dispositional hearing on August 11, 1975, the lower court ordered the respondent committed to the House of Correction. Having served some of his sentence, the respondent is now on parole.

Respondent first contends that the court below was without jurisdiction to commit him to the House of Correction because no adjudication of wardship was made. In its brief the State notes that although the respondent has included in the record of appeal the report of proceedings for the hearings on June 13, June 30, July 7 and August 11, he has failed to include the report of proceedings for the hearings held on April 28 or May 26. The State argues that where the record of appeal is incomplete, the appellate court will indulge in every reasonable presumption favorable to the ruling appealed from, including the presumption that the hearing court acted correctly, and will resolve any doubts arising from the incompleteness of the record against the appellant. (*People v. Benford* (1975), 31 Ill. App. 3d 892, 335 N.E.2d 106.) This court has already held that the failure to include in the record of appeal transcripts of the original hearings at which the minor was placed on probation gives rise to a presumption that wardship was adjudicated. (See *People v. Shannon* (1977), 45 Ill. App. 3d 876, 360 N.E.2d 433.) However, prior to oral argument in the instant case, respondent moved to file a supplemental record including the report of proceedings for the hearings held on April 28 and May 26. The State did not object and we granted the motion. The State admits that nowhere in the supplemental record is there an explicit adjudication of wardship nor do we find such an explicit adjudication of wardship in the entire record before us on appeal. Numerous decisions in this court have held that an explicit adjudication of wardship is required before the court may enter a dispositional order regarding the minor. (*In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Jennings* (1975), 32 Ill. App. 3d 847, 336 N.E.2d 786; *In re Cajigas* (1976), 39 Ill. App. 3d 600, 351 N.E.2d 610; *In re Duffy* (1976), 44 Ill. App. 3d 799, 358 N.E.2d 1170.) Because the trial court never made an explicit adjudication of wardship, we must vacate the dispositional order and remand the cause.

Respondent next contends that the sentencing judge in imposing the sentence was influenced by an improper comment of the assistant State's

Attorney. The facts which give rise to this contention are set forth below. Pursuant to the State's supplemental petition alleging that the respondent had violated his probation, a hearing was held on June 30, 1975. At this hearing on June 30, 1975, the trial court entered a finding of delinquency and set a dispositional hearing for July 7, 1975. At the hearing on July 7, the respondent's probation officer, James Tierney, testified that although he felt that there had been little change in the respondent, there were indications that the respondent's situation had improved and recommended that the disposition of the matter be kept open to determine whether this improvement would be of a lasting character and thus merit an extension of probation. The lower court accepted this recommendation and continued the cause until August 11, 1975.

At the hearing on August 11, 1975, Mr. Tierney testified that since the prior hearing the respondent had enrolled at the Roseland Mental Health Center, was receiving counseling, and had arranged with Mr. Tierney to return to school in the fall. After noting that the respondent's parents seemed to be very concerned for their son and desirous of the opportunity to guide him, Mr. Tierney recommended one year's probation for the respondent. The assistant State's Attorney then asked Mr. Tierney if the stolen merchandise was returned. After Mr. Tierney responded that he did not know, the assistant State's Attorney remarked that "the merchandise was to be returned." After further argument by the assistant State's Attorney, the lower court judge stated that the prosecutor's remarks "can't go unnoticed" and that the respondent had had since July 7 to represent that he had rehabilitated himself, that he had made restitution, and returned to the victim what he had wrongfully taken from the victim. The trial court further indicated that he was "about to enter an order but had scratched it off." The lower court then entered an order committing the respondent to the House of Correction. We note that the question of restitution was not raised at the previous hearings on June 30 and July 7.

At a hearing on sentencing, the prosecution has a special duty to offer for consideration of the trial court only competent and material evidence. (*People v. Riley* (1941), 376 Ill. 364, 33 N.E.2d 872.) The same duty exists in proceedings concerning probation revocation. (*People v. Grigsby* (1966), 75 Ill. App. 2d 184, 220 N.E.2d 498.) Also, we believe it axiomatic that the prosecution accurately represent the facts to the court in such a hearing. After reviewing the transcripts for the hearings on June 30, July 7 and August 11, we believe the prosecution inaccurately represented to the court that "the merchandise was to be returned." The record reflects that restitution was first mentioned in the above comment of the prosecutor which was made at the August 11 hearing. We further believe that the lower court was influenced by this remark in sentencing the respondent.

The trial court clearly stated that the prosecution's comment "can't go unnoticed." The lower court further stated that it was about to enter an order but "scratched it off," an indication that the prosecutor's remark influenced the judge when he entered his order of commitment.

Since we have already determined that nowhere in the record is there an explicit adjudication of wardship, the order committing the respondent to the House of Correction is reversed. The cause is remanded with directions that the court determine whether it was in the best interests of the minor and the public that the minor be adjudged a ward of the court. If the court finds that such an adjudication was made, a new dispositional hearing should be held. If the court finds that no such adjudication was made, the court shall determine if such an adjudication is in order. If the court finds that the respondent has not been and should not be adjudged a ward of the court, the petition shall be dismissed. If the court finds that the respondent has not been, but should be adjudged a ward of the court, a new dispositional hearing shall be held. If the court does hold a new dispositional hearing, it shall take into consideration the fact that respondent has already served time in the House of Correction for the charges brought in the supplemental petition.

Order reversed; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.