In *re* TYRONE WRIGHT, a/k/a Tommie Wright, a Minor—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* TYRONE WRIGHT, a/k/a Tommie Wright, Respondent-Appellant.)

First District (2nd Division)    No. 76-1539

Opinion filed November 22, 1977.

James Geis and Rebecca J. Davidson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Timothy Quinn, and Maria C. Cabrera, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

On October 10, 1975, a petition for supplemental relief was filed alleging that the minor-respondent, Tyrone Wright, had violated his probation by committing the offense of burglary (Ill. Rev. Stat. 1973, ch. 38, par. 19—1) and on October 27, 1975, respondent entered an admission to this charge. The trial court found he had violated his probation and committed him to the Department of Corrections. The issue for review is whether the language in the commitment order is sufficient to determine that respondent had been adjudicated a ward of the court.

The original petition for the adjudication of wardship, with respect to the respondent, charging him with the offense of theft (Ill. Rev. Stat. 1973, ch. .38, par. 16—1(a)(1)) was filed on March 5, 1974, and on March 26, 1974, respondent entered an admission to the charge and was placed on two years probation. No direct appeal was taken from this disposition. The record also shows that four supplemental petitions had been filed prior to the petition which forms the basis of this appeal, and as a result, respondent was placed on two years probation under the direction of the Unified Delinquency Intervention Service.

Respondent contends the court had no jurisdiction to commit him to

the Department of Corrections because he had not been made a ward of the court pursuant to section 4—8(2) of the Juvenile Court Act. (Ill. Rev. Stat. 1975, ch. 37, par. 704—8(2).) That section provides:

> "If the court finds that the minor is a person described in Section 2—1 [delinquent, otherwise in need of supervision, neglected or dependent] and that it is in the best interests of the minor and the public that he be made a ward of the court, the court shall note in its findings whether he is delinquent, otherwise in need of supervision, neglected or dependent, specifying which of [the definitional] Sections 2—2 through 2—5 is applicable, and shall adjudge him a ward of the court and proceed at an appropriate time to a dispositional hearing."

Numerous recent cases (*In re Jennings* (2d Dist. 1975), 32 Ill. App. 3d 857, 336 N.E.2d 786; *In re Barr* (1st Dist. 1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Ross* (1st Dist. 1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Cajigas* (1st Dist. 1976), 39 Ill. App. 3d 600, 351 N.E.2d 610; *In re Duffy* (1st Dist. 1976), 44 Ill. App. 3d 799, 358 N.E.2d 1170; and *In re Shannon* (1st Dist. 1977), 45 Ill. App. 3d 876, 360 N.E.2d 433) have construed section 4—8(2) to require an explicit adjudication of wardship before the court may enter a dispositional order regarding a minor. In the cases of *Barr, Ross, Cajigas, Duffy* and *Shannon* the courts expressly rejected contentions by the State that certain nonexplicit language contained in the commitment order was sufficient to show that the court had adjudged the minor to be a ward of the court.

However, in the case of *In re Jennings* (1977), 68 Ill. 2d 125, 368 N.E.2d 864, our supreme court has held that section 4—8(2) is concerned with the finding and adjudication of a particular status and does not require that the order and proceedings be ritualized to the extent that language other than the words "ward of the court" may not be used. The supreme court found that even though the adjudicatory orders did not contain the specific language "ward of the court," they did contain sufficient language to adjudicate the status of the children as wards of the court.

In this case the order placing respondent on probation contains language that the court had jurisdiction of all parties, and the order committing respondent to the Department of Corrections provides in part as follows:

> "The court considered the evidence and finds: It has jurisdiction of the subject matter and the parties; the minor has been adjudged a delinquent; all statutory prerequisites have been complied with; placement under section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and the public; the parent, guardian, or legal custodian is unfit, unable, or unwilling to care for, protect, train or discipline the minor."

In light of the language in both orders, the status of the minor as a ward of the court cannot be in doubt.

For this reason, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and PUSATERI, JJ., concur.